*Lott Hall* and *Cephas Smith*, Junior, for plaintiff.
*Daniel Chipman*, for defendants.

---

## WILLIAM WEBBER *against* AMOS IVES.

PLAINTIFF declared in a plea of trespass *quare clausum fregit*, and taking away sundry horned cattle, *ad damnum*, 300 dollars.

At the stated *February* term of this Court, 1801, this cause was referred, by order of Court and agreement of parties, to the determination of *Stephen Williams, Jonathan Bell* and *Daniel Marsh*, a report of whom, or the major part of them, to be final and conclusive between the parties; *Stephen Williams* to be chairman, and to notify the parties of the time and place of meeting; and if either party, after being duly notified, neglect to attend, the referees to proceed *ex parte*.

At the present term, a major part of the referees made the following report, indorsed upon the copy of the rule of Court:

Upon objection to the acceptance of a report of referees, the Court will only hear evidence relative to corruption in the referees, or misconduct in their not following the rule, either by neglecting to notify or hear the parties, or taking into consideration matters not submitted to them.

Webber
v.
Ives.

*Rutland,* 10th *June,* 1801.

To the Honourable, &c.

Your referees, to whom was referred this cause, after having heard the parties and their evidence, beg leave to report, that we find that the defendant is guilty in manner and form as the plaintiff in his declaration hath alleged; and find for the plaintiff to recover of the defendant the sum of two hundred and twenty-eight dollars and thirty-eight cents damages, and his costs.

Costs of reference, 13 dollars.

*Stephen Williams,* } Referees.
*Daniel Marsh,*    

*Darius Chipman,* for the defendant, objected to the acceptance of this report, offering to shew by the affidavit of the defendant, that there was a material witness on the part of the defendant absent at the hearing before the referees, whose personal attendance or deposition he could not then procure; but that he should be able, on a rehearing, to avail himself of his testimony.

*Sed per Curiam.* Upon objection to the acceptance of a report of referees, the Court will only hear evidence relative to corruption in the referees, or misconduct in their not following the rule, either by neglecting properly to notify or hear the parties, or taking into consideration matters not submitted to them.

Report accepted.

At the following *July* adjourned term, the defendant moved for a new trial, supported by the affidavit of *Stephen Clerk*, who testified that he was interested in the cause, and had eventually to respond the judgment; that he had attended the reference; that he had discovered new and material evidence since the hearing before the referees, to wit, *Timothy Green* and *Mary Boys;* and then stated what he expected they would testify, which appeared to be material in the issue.

*Sed per Curiam.* The Court will not grant a new trial for the recent discovery of new and material evidence, supported by the single affidavit of the party, or him in interest. The motion must be accompanied with the affidavits of the witnesses recently discovered.

Webber<br>v.<br>Ives.

The Court will not grant a new trial for the recent discovery of material evidence, supported by the single affidavit of the party, or him in interest. The motion must be accompanied with the affidavits of the witnesses recently discovered.

Motion dismissed.

———— ————, for plaintiff.
*Darius Chipman*, for defendant.