COVENANT.                    **Blanton *vs* Gale.**

*Case 51.*                  ERROR TO THE FRANKLIN CIRCUIT.

                             *Awards.    Admissions.*

*Oct. 23.*      JUDGE MARSHALL delivered the opinion of the Court.

                THIS was an action of covenant upon articles submit-
The agreement   ting certain matters of account between the parties to the
of the parties. settlement and award of two named referees, and their
                umpire to be chosen by them should they disagree.   From
                the declaration it appears that Blanton and Gale having
                been, for four years, partners in business, entered into a
                written agreement in November, 1839, for the settlement
                and closing of their accounts, whereby Gale took all the
                materials, stock, and effects of the firm, and agreed to
                pay all its debts, and also to put up and burn such a kiln
                of brick as Blanton had furnished at the commencement
                of the partnership, and Blanton agreed to account for all
                funds of the firm collected by him, to be credited by pay-
                ments made and materials furnished by him, and to re-
                ceive for his share of the profits, a credit for $3,500;
                and should there be a balance in his favor, Gale was to
                pay it immediately, or should Blanton be in debt, he was
                to pay immediately.

                By a subsequent article dated in March, 1840, the fore-
                going agreement is referred to and its stipulations recited,
                stating however, that Gale bound himself to pay to Blan-
                ton, (in consideration of the materials, stock, and effects,
                &c. and in further consideration of Blanton's complying
                fully and specifically with each of the stipulations on his
                part,) the sum of $3,500; and in order to insure a satis-
                factory settlement, they make the reference as above stated,
                binding themselves to abide by the determination of the
                referees.   The article then recites that under the forego-
                ing arrangement for settlement, each party claims of the
                other a balance—that is: the said Gale contends that the
                sums of money belonging to the firm, which Blanton had
                collected or appropriated to his own use, greatly exceed-

ed the sum of $3,500, after allowing credit for the kiln of brick as described, and all other credits he might be entitled to under the agreement, which Blanton utterly denies. And thereupon, in order to insure the speedy payment of such sum as the referees might determine to be due from either party to the other, and the faithful performance of each of the foregoing stipulations, the said Blanton and Gale agree that, should the referees award that Blanton does not owe the said Gale a sum greater than the $3,500, after allowing him credits as aforesaid, then Gale, and Cox and Coryell as his securities, bind themselves to pay immediately to Blanton, the said $3,500, less the sum which the referees may determine to be due from Blanton to Gale, and also the said Gale will fully comply with each of the foregoing stipulations on his part. And should the referees award that Blanton owes Gale a larger sum than $3,500, then Blanton and his securities bind themselves to pay the excess promptly to Gale.

The declaration, after setting out these agreements at at large, avers that on the —— day of ——. 1841, the referees met for the purpose of making the settlement, of which the defendants, (Gale and his securities,) then had notice; and thereupon did award and determine as follows: (setting out the entire award,) and that they did award that Gale should pay two sums of money, viz: $6,254 56, and $2,330 28, of which the defendants had notice, by a copy of the award; and the first count avers a breach in the non-payment of the sum of $3,500, or any part thereof, and also in the non-payment of the said brick kiln, and in not compensating Blanton for the sums of money advanced for the firm, &c. *The averments in the first count of the declaration.*

A second count in the declaration avers as a breach, that Gale revoked the submission, and did not submit himself to the arbitration of the referees; and a third count alledges a breach in the non-payment by Gale, of debts due by the firm, as stipulated by him. The defendants filed demurrers to each count, and also several pleas, and the Court having sustained the demurrer to each count of the declaration, and given judgment thereon *Second and third counts and demurrer to declaration and judgment of Circuit Court.*

BLANTON
vs
GALE.

Upon a covenant to refer matters of account to arbitrators and to pay a specified sum, less by what may be awarded as a proper credit thereon, no action can be maintained unless an award be made pursuant to the submission.

against the plaintiff, he has brought the case to this Court for revision.

. It being clear in the first place that there can be no recovery in this action against three upon any covenant in which they are not all jointly bound, and the securities of Gale being in our opinion bound only for the payment of $3,500 less the sum which the referees might determine to be due from Blanton to Gale, it follows that neither the second nor third count can be maintained, and that no breach averred in the first count can be sustained unless it be that which alledges the non-payment of the sum of $3,500, nor can the averment of that breach be sustained unless a proper foundation is laid for it by showing that the referees had determined upon a settlement of the accounts referred to them and in the manner prescribed by the submission, that Blanton was not indebted to Gale exclusive of the $3,500, or at least that he owed him less than that sum. This is not shown by the averment that the referees awarded according to the terms of submission that Gale should pay Blanton two sums of money viz: &c., &c.; for they had no power in any event to award that either party should pay any thing to the other, but could only determine what sum upon the principles agreed on for settlement was due from one to the other exclusive of $3,500, and the averment does not show that they had done this.

The declaration however sets out the award at large and conceding that if the award does in fact determine what was due between the parties according to 'the principles of the submission, and is in other respects valid, and if it shows that there was nothing due from Blanton or less than $3,500 without crediting that sum, this is a sufficient foundation for the breach; then the question arises as to the sufficiency and validity of the award itself. Upon looking to the award, we observe that it no where states the precise point submitted to the referees, and although it states that the referees find that at the date of the articles of submission Blanton was indebted nothing to Gale, but that Gale was indebted to Blanton $6254 56 'which it awards that he shall pay, the referees not only show by this clause that they exceeded their power in

awarding payment, from which it might be doubted whether their award was founded upon a determination of the precise point submitted, but they refer to and thus make a part of their award, a statement and settlement of accounts thereto attached and which is also set out in the first count of the declaration; and as the items of this statement are set down first under the head of Blanton's credits, in which is included the $3,500, and then under the head of Gales credits, and by subtraction of the latter from the former the balance of $6,254 56 awarded to Blanton is found, it still docs not appear that the account was settled precisely upon the principles prescribed, and with a view to the determination of the precise point in issue between the parties.

The statement should have shown on the one side the sums belonging to the firm which Blanton had received or appropriated to his own use, and on the payments or other advances made by him for the use of the firm including the value of the brick kiln, and the difference between these two accounts would have shown whether he was creditor or debtor under the submission. If the statement of the arbitrators is to be understood as charging on each side though under inappropriate heade the items which should go to the credit and debit of Blanton, and as striking a balance by comparing the aggregate of items under each head, then it is true that by looking into the particulars and making a calculation for ourselves we may find that Gale was indebted to Blanton exclusive of the $3,500 which is included in the statement and in the balance struck and awarded. But it is doubtful whether we can upon the demurrer thus help out the award which is uncertain upon its face, by first assuming against the *prima facie* inference from the body of the award and from the statement of the accounts, that the proper items except the $3,500 were set down under the different heads according to the intent of the submission, and then by extracting from those items the true balance, different from that found and awarded by the referees. For not only is the item of $3,500 improperly included, but there are errors in the addition of the items set down.

An award for settling accounts should be so certain as to show the matter decided, it is not sufficient that the facts stated *may* enable others to ascertain the state of accounts between the parties.

Where a refer-
ence is made to
two arbitrators,
admissions made
by one of the par-
ties to one of the
arbitrators, in
the absence of
the other, should
not form the ba-
sis of an award.

Under this view of the award, we are inclined greatly to doubt whether it should be regarded as showing sufficiently, either that Blanton owed Gale nothing exclusive of the $3.500, or that he owed less than that sum. But if by favorable intendment this doubt should be removed, there is still another objection to the award, which we think must be deemed fatal upon the demurrer. The award itself shows that it was founded in part upon admissions made to one of the arbitrators separately, and by him reported to the other at their final and only meeting upon the business submitted to them; and that Gale did not participate in that meeting, and therefore never made the admissions to both referees. And this defect is not helped by any averment, if indeed it could be helped. We are of opinion that the reference having been made to two jointly, and each party being entitled to the judgment of each referee, as to the nature, extent, and effect of the admissions by himself and the other party, the report of such admissions by one referee to the other. in the absence of one of the parties, is not a proper foun dation for an award within the submission. The case o' *Achly* vs *Finch*, (7 *Cowan's Rep.* 293,) and the case o *Daniel* vs *Daniel*, (6 *Dana*, 93,) are referred to as bearing strongly in favor of this opinion, though not deciding the precise point. And as the evident implication from the language of the parties in the article of submission is, tha in the opinion of both, Blanton was to some extent, in debted to Gale, exclusive of the $3,500, and the infer ence, therefore, from the whole case is, that by misappre hension or mis judgment, injustice has been done to Gale in the settlement by the arbitrators, we are not disposed to extend to the referees greater latitude, nor to the awar greater indulgence or liberality of construction than b precedent we are compelled to do.

We are of opinion, therefore, that the award as pre sented in this case, is invalid and insufficient to show decision of the point submitted, and therefore, the judg ment is affirmed.

*Morehead & Reed* for plaintiff: *Cates & Lindsey* fo defendant.