D. B. MADDEN vs. THOS. P. SHAPARD — Appeal from Washington County.

To entitle a party to a new trial upon the ground of newly discovered evidence, the facts in which the evidence consists must be stated in the application, so that the court may judge of their materiality — whether the evidence be merely cumulative — and if admitted, whether it would probably change the result. [4 Tex. 89, 311; 6 Tex. 36; 7 Tex. 463; 8 Tex. 463; 11 Tex. 314; 14 Tex. 356; 19 Tex. 96; 20 Tex. 450; 30 Tex. 50.]

It must also be shown, that a knowledge of the existence of the new evidence was acquired after the former trial, and its not being discovered sooner, was not owing to a want of due diligence.

This was a trial of the right of property in a slave, levied on by virtue of an execution in favor of the appellee, and claimed by the appellant. The trial was had at the fall term, 1847.

4

The jury found for the plaintiff in execution, and the property was adjudged subject to the execution.

The claimant moved for a new trial, on the ground of newly discovered evidence; and, in support of the motion, filed his affidavit stating that newly discovered facts, material to his defense, had come to his knowledge since the trial; that W. C. Watson had in his possession certain papers containing important and material matter relating to the case; that he expected to be able to procure them by the next term of the court, and that he had no knowledge of them previous to the trial.

The new trial was refused, and the claimant appealed.

A. M. LEWIS for appellant.

GILLESPIE for appellee.

Mr. Justice WHEELER delivered the opinion of the court.

The propriety of the ruling of the court, in refusing the application for a new trial, is the only question presented by the record.

It is well settled, that a new trial will not be granted on the ground of newly discovered evidence, if the facts proposed to be proved by the new evidence be not disclosed and set out in the application. [2 Bibb, 179; id. 287; 9 Shep. 246; 1 A. R. Marsh, 188.] Nor will a new trial, in general, be granted on the ground of new and material evidence, if supported only by the affidavit of the party. [1 Tyler, 441.] To entitle a party to a new trial for this cause, it is incumbent on him to satisfy the court that the evidence has come to his knowledge since the trial; that it was not owing to the want of due dilligence that it was not discovered sooner; and that it would, probably, produce a different result upon a new trial, if granted. [2 Pike, 133; 2 Ashmead, 41, 69.] He must also set forth the facts in which the new evidence consists, so that the court may judge of their materiality: whether the new evidence be only cumulative; and whether, if admitted, it would probably change the result of the former trial. [3 Humph. 222.] And, for the same reason, when the question is brought

up for revision here, the record ought to be accompanied by a statement of facts; otherwise, we may have no means of determining upon the propriety of the application.

In the case before us, there is no statement of facts; the newly discovered evidence is not set out; the party has relied alone on his own unsupported affidavit, and, in no respect, has brought himself within the rules upon which the sufficiency of his application must depend.

We are of opinion, therefore, that there was no error in the judgment overruling the motion for a new trial, and that it be affirmed.