## Thompson *versus* Mitchell.

To the validity of an award, founded upon a common law submission to three persons, upon a stipulation to abide the determination of any two of them, it is essential that all three be present at the hearing of the parties.

That all were thus present, is sufficiently evidenced by a statement of that fact contained in the award, although it be signed by two only.

A provision, in a submission, that the award should be "made and published in writing," does not require a written notice to the parties, that such an award, subject to their examination, has been made.

Such a provision only requires that the referees make an award in writing, and give to the parties an opportunity to examine it.

An award, when duly made and signed, and its contents made known to the parties, fixes their rights; and cannot rightfully be altered, recalled or withheld by the referees.

In deciding whether, in an award, the requirements upon the respective parties were designed to be dependent upon each other, the Court will take into account what would most contribute to the safety of each party.

When, in an award, one of the parties is required to pay money unconditionally, he is, upon publication of the award, liable to pay without any demand.

On Report from *Nisi Prius*, Wells, J., presiding.

Debt.

The case shows that the plaintiff purchased from the defendant a part of a patent right of a certain machine, and gave therefor one note of $100, and two of $200 each, all of which the defendant sold in the market. A controversy afterwards arising between the parties, they submitted the whole matter to the determination of three referees, and gave mutual bonds, stipulating to abide the award, which the referees or any two of them should make and publish in writing under their hands at any time within sixty days after hearing the parties.

This suit is brought upon the bond thus given to the plaintiff.

The hearing was had by the referees, and their duties were concluded about the 21st of January, 1850, at which time a report was signed by all of them, stating that they were all present at the hearing, and awarding that the plaintiff should pay the defendant $75, and that the defendant should take up and cancel the said notes, amounting to $500, which

he had sold, against the plaintiff. The next morning after the award was made, one of the referees informed the defendant the contents of the award, as nearly as he could recollect the same, but "presumes he did not recollect all the contents."

The chairman retained the award and drew a duplicate of it, which, with the original award, he transmitted by mail to the two associate referees, one of whom signed the duplicate more than a month after the hearing.

Neither of the awards was delivered, but the plaintiff obtained possession of the duplicate, thus signed by two of the referees, by representing to one of them that he wanted it for the chairman, and that the chairman had sent for it. This duplicate the plaintiff produced and read, in evidence, though objected to by the defendant.

When the duplicate, with the original award, was received from the chairman by the associate referees, the defendant was present with them, and paid the fees of the referees, and asked for a copy of the award, which, however, was not furnished to him. One of the referees seasonably notified the plaintiff, of the contents of the award, who replied that he should pay the $75, and would pursue the defendant so long as he had a dollar. The plaintiff however told another of the referees, that he would not pay the $75.

A witness testified that on April 9, 1850, the plaintiff tendered a re-conveyance of the patent right, and notified the defendant that he had lodged $75, for him with Mr. Plummer, which the defendant could have on repaying to the holders the notes, amounting to $500, against the plaintiff. Mr. Plummer testified that one of the $200 notes was in his hands; that the plaintiff wished him to pay the defendant $75, or to allow $75, on that note; that he assented to do so, when the plaintiff would give him security for that amount, which the plaintiff never did. One of the $200 notes was paid by the plaintiff, by giving a new note therefor; the other was sued and was paid by a levy and sale of a right which the plaintiff had to redeem certain real estate.

Mr. Plummer also testified that, prior to the submission, he, as attorney to the plaintiff, had commenced a suit against the defendant for the same subject matter, and that, several weeks after the making of the award, the plaintiff procured personal service of that suit to be made upon the defendant.

Some suggestions, made among the referees, relating to an alteration of the award, and concerning a delivery of it to the parties, are stated in the opinion of the Court.

The case was submitted to the Court for adjudication, with power to draw inferences of fact, as a jury might do.

*Paine,* for the plaintiff.

*Danforth* and *Woods,* for the defendant.

The award was invalid.

1. It was signed by only two of the referees, and it does not appear *of record* that all three of them were present at the hearing.

2. It was never delivered.

3. It was never published " in writing," nor does it appear that the defendant ever had an opportunity to read it. *Knowlton* v. *Homer,* 30 Maine, 552, and cases cited on 556; Caldwell on Arb. 156, 157; *Kingsley* v. *Bill,* 9 Mass. 198; *Sellick* v. *Adams,* 15 Johns. 197; 1 Saund. 327 a, note 3.

4. The two associate referees declare the award was not delivered, because they thought it ought to be altered, and the chairman also proposed an alteration. Thus not one of the three were willing to deliver or publish it. *Eveleth* v. *Chase,* 17 Mass. 458.

5. The award was not binding upon the defendant, because the plaintiff himself refused to abide by it. This appears by his own declaration, and also by his omission to provide the means of performing on his part; and also by pursuing, long after the award, the suit which he had previously instituted against the defendant.

6. No demand was ever made upon the defendant to perform. Such a demand is an essential prerequisite. Cald. on Arb. 156, 157; *Knowlton* v. *Homer,* 30 Maine, 557.

7. A tender by the plaintiff of a performance on his part

was essential.   The sum awarded to the defendant, ($75,00,) was never paid or tendered.   *Shearer* v. *Handy,* 22 Pick. 417 ; 1 Saund. 320, note 4, rule 4.

SHEPLEY, C. J. — The suit is upon an arbitration bond. The plaintiff must prove, that an award in writing was made and published in conformity to the requirements of the condition of the bond.   One was introduced signed by two of the arbitrators, and objection is made, that it does not appear of record that all three of the referees were present at the hearing.

It is stated in the award, that all of them met and heard the parties ; and that is sufficient.

Another objection is, that it was not delivered or published in writing.   The condition of the bond in this case did not require, that the award should be delivered to the parties.   In the cases cited in a note to 1 Saund. 327 a, the conditions did require, that it should be ready to be delivered to the parties before a certain day.

The condition of this bond required, that it should be made and published in writing within sixty days after the hearing of the parties.   The meaning is, that the award should not only be made in writing, but the parties should be enabled to obtain a knowledge of it in writing.   Not that they should in writing be informed, that an award had been made and that it was subject to their examination.

The three referees were examined as witnesses.   The fair conclusion from their testimony is, that at the conclusion of their duties, on or about Jan'y 21, 1850, an award was drawn, which was signed by all of them, that their chairman retained it, and subsequently drew a duplicate of it, and signed it, and transmitted by mail with the other to the other referees. That one of the others only signed that duplicate, which was produced at the trial.

The referee, who last signed the duplicate, more than a month after the hearing, states, that the defendant was present and paid the fees of the referees ; and that he had before, on the morning after the award was made, informed him of its

contents, as nearly as he could recollect them. He presumes that he did not recollect all the contents. This is but an opinion formed at the time of the trial and long after the transaction. It is not very probable, that on the morning after their report was made, he would from want of recollection omit to inform him of all the material parts of the award. He also states, that he told them to the plaintiff. When the duplicate was signed, the defendant "asked for our copy of it, which was not given to him," says one of the referees. It does not appear, that he might not then have read it, had he desired to do so.

It appears to have been withheld, because two of the referees desired to have some alterations made in the award ; and because the plaintiff, when its contents were made known to him, declared that he would not pay the seventy-five dollars awarded against him, and threatened, that he would follow the defendant as long as he had a dollar.

It was stated in the case of *Knowlton* v. *Homer*, 30 Maine, 552, that an award would be considered as published when the parties were informed, that it was within their reach on payment of the charges. This must be understood, when the condition of the bond is like the present, to mean when they are legally entitled to it, or to examine and read it. If it should be wrongfully withholden from them, after the referees had fully performed their duties, had made up and signed their award and communicated it to them, its validity would not be thereby impaired.

In this case it is evident, that the chairman intended that the award should be binding. He states, that a proposition was made to alter it, and that he proposed an alteration with respect to cost, which was never decided upon, and that he came to the conclusion, that it would not be safe to alter it. The duplicate appears to have been transmitted to the other referees for signature and delivery with the award first signed. Another referee states, that he informed the third, that he had better deliver the awards to the parties. Subsequently he authorized that one to do as he pleased about delivering them.

When referees have fully heard the parties; have made up and signed their award; and have communicated its contents to the parties, their duties are closed, and they have no power to alter it or to destroy its effect by a refusal to deliver it or by an attempt to recall it. *Brown* v. *Vawser*, 4 East, 584; *Henfree* v. *Bromley*, 6 East, 309; *Irvine* v. *Elnon*, 8 East, 54; *Oliver* v. *Collings*, 11 East, 367; *Woodbury* v. *Northy*, 3 Greenl. 85; *Aldrich* v. *Jessiman*, 8 N. H. 516.

They have nothing to do with its execution or performance, and any attempt to vary it, because one of the parties improperly refuses to perform and threatens the other, is unauthorized and vain.

The plaintiff appears to have obtained the award from one of the referees, very improperly, by a misrepresentation, but that cannot, if he be otherwise entitled, destroy his right to maintain the action. He might have left it in possession of the referee and have summoned him to produce it on trial.

It is insisted, that the defendant is not bound by the award, because the plaintiff has refused and neglected to perform his part of it. So far as performance by one party is made by the award to depend upon performance by the other, the objection would be good. It could not have been the intention to require the defendant to repay the consideration received for a conveyance of one fourth of the patent right, without obtaining a reconveyance of it; or to make the plaintiff pay to the defendant seventy-five dollars more without being relieved from the payment of any part of that consideration. Nor will a fair construction of the award require any such result. The re-conveyance has been tendered, and the defendant, if required to pay to the plaintiff the amount of the consideration received, can, in a hearing in equity, have the seventy-five dollars deducted from the amount, for which execution should issue.

It is insisted, that a demand should have been made before the commencement of the suit. When an award is made for the payment of money unconditionally, the party becomes

liable to pay upon publication of the award according to its terms, without any demand. *Parsons* v. *Aldrich*, 6 N. H. 264; *Nichols* v. *Renssellaer In. Co.* 22 Wend. 125. The amount for which execution should issue, will be determined on a hearing in equity. *Defendant defaulted.*

WELLS, HOWARD, RICE and HATHAWAY, J. J., concurred.