State *v.* Larrimore.

THE STATE, Defendant in Error, *vs.* LARRIMORE, Plaintiff in Error.

1. Same case, 19 Mo. Rep. 391, affirmed.
2. A new trial will not be granted on account of newly discovered evidence which is merely cumulative.

*Error to Polk Circuit Court.*

Indictment for selling liquor without license. At the trial, the only witness introduced was a boy, examined on behalf of the state. He testified that Williams one day came into the shop of the defendant, who was a practising physician, and stated that he was sick and wanted some brandy. Defendant at first refused to let him have it, but finally gave him a drink for which Williams paid him twenty cents. Williams did not look pale. Defendant did not feel his pulse nor look at his tongue. Upon cross-examination, witness stated that Williams acted as if he was sick. The court instructed the jury to acquit, if they believed the defendant sold the brandy in good faith, as a practising physician, *upon his professional judgment of its necessity.* The defendant was convicted. He afterwards filed a motion for a new trial, accompanied by his affidavit that since the former trial he had discovered the new and material evidence of John O. Devin, by which he believed he could establish that he sold the brandy to Williams in good faith, as a medicine, upon his professional judgment; that he did not know that the facts were within the knowledge of Devin until after the former trial; that Devin would prove that Williams, after he drank the brandy, was in defendant's shop and looked pale, and appeared to have a slight chill, but said it was not so severe as usual on account of his having drank the brandy; and that defendant had a good and meritorious defence. The affidavit of Devin, corroborating this statement, was also filed. The new trial was not granted, and the defendant sued out this writ of error.

*F. P. Wright,* for plaintiff in error. A new trial should

have been granted on account of the newly discovered evidence. (2 Smedes & Marsh. 313. 7 Howard's (Miss.) Rep. 365. 7 Metcalf, 478. 5 Cow. 208. 14 J. R. 186. 61 E. C. L. R. 160. 6 Pick. 114. 4 Wend. 579.) The defendant had offered no evidence whatever on the trial.

*Gardenhire,* (attorney general,) for the state. The new evidence was merely cumulative, and so no ground for a new trial. (12 Mo. Rep. 57.) It related to a point upon which the only witness in the cause was rigidly examined.

RYLAND, Judge, delivered the opinion of the court.

The defendant was indicted for unlawfully selling intoxicating liquor in a less quantity than one quart, to-wit: one pint of brandy, to Albert Williams, without having any license of any kind for that purpose. The indictment was found at the April term, 1852, of the Polk Circuit Court.

The defendant was found guilty and fined twenty dollars. He brought the case to this court; the judgment of the Circuit Court was reversed, and the case remanded. Upon a second trial, the defendant was again found guilty and fined twenty dollars; he moved for a new trial, which being denied him, he again brings the case to this court.

The defence below consisted, mainly, in an effort to show that the defendant sold the brandy to said Williams as a medicine, in the ordinary practice of his profession as a physician; and whether he did so sell the brandy to said Williams as a medicine or not, was the question before the jury. The defendant was a practising physician.

1. When the case was before this court heretofore, we thought that the question, as to what manner or under what circumstances the brandy was sold to Williams by the defendant, had not been properly left to the jury; and in the opinion then delivered, this court stated that the proper question for the jury to decide was: "Whether defendant really administered the liquor to a diseased person, as a medicine, upon his professional judgment of its necessity?"

State *v.* Larrimore.

In the same opinion, it was stated: " If a physician, upon his professional judgment that a sick person needs brandy, administers it as a medicine, in good faith, and charges for it, he is not to be punished.    But physicians are not to become dramshop keepers under color of their professional practice."

In looking over the instructions given to the jury on the last trial, we find them to embody the principles declared by this court in its opinion on this case when it was first before us.

The instructions were, in the main, as favorable to the defendant as the law would justify.    His case was properly submitted, and the jury were properly instructed, and their attention called to the fact whether this brandy was really administered as a medicine or not.    They found the defendant guilty, and we are not disposed to question the propriety of such finding.

2. But the defendant now relies upon newly discovered evidence.    We have examined his affidavit, and also the affidavit of his new witness, and come to the conclusion that they do not make out grounds sufficient for a new trial.    The evidence is only what is termed cumulative, and is such as never warrants the action of the appellate courts in setting aside verdicts and ordering new trials, unless under some peculiar circumstances.    Here, after two trials, after the case has been in court for two years, the defendant seeks for a new trial on account of newly discovered evidence, and that evidence in relation to the situation of the person who purchased the brandy, in regard to his sickness or health, so as to show whether the brandy was administered as a medicine professionally by the defendant or not—the very question on which the case turned and on which all the evidence of the witness introduced had a direct bearing, and this new evidence being but very slightly in opposition to that already given; indeed, it is hard to perceive any inconsistency between that given and that newly discovered.

But what is decisive of this application is, the total failure to account for the non-production of Williams, the supposed

State *v.* Larrimore.

*patient.* What has become of him? Where is he? Did he die or recover? Surely Dr. Larrimore knew whether Williams could be risked or relied upon to state whether the brandy was in good faith administered as a medicine or bought as a beverage ; yet he fails to state any thing about Williams. It is useless to spend any further consideration on such a case. The judgment below is affirmed ; Judge Scott concurring.