BOGGS & KENNARD, Respondents, v. LYNCH AND OTHERS, Appellants.

1. Where in a suit against a keeper of a livery stable to recover damages for injuries sustained in consequence of the negligent driving of a carriage of defendant by one of his servants, testimony was offered on the part of defendant to show that the general character of the driver was that of a prudent and careful driver ; *held*, that such testimony was properly excluded.
2. On a motion for a new trial on the ground of newly discovered evidence, the affidavit of the party to the suit will not itself suffice ; the affidavit of the new witness must be produced or its absence accounted for.

*Appeal from St. Louis Court of Common Pleas.*

The facts sufficiently appear in the opinion of the court.

. *Hill, Grover & Hill,* for appellants.

*I. Z. Smith,* for respondents, cited 1 Tyler, 443 ; Cooke, 292; 3 A. K. Marsh. 104; 2 Nott & McC. 563 ; 2 Bay, 268 ; 4 Blackf. 307; 1 Green, 177 ; Grah. on New Trials, 467 ; 20 Mo. 425 ; 1 Caines, 24 ; 23 Verm. 244.

RYLAND, Judge, delivered the opinion of the court.

This suit was brought by plaintiffs to recover damages for the alleged trespass of a servant in the employ of defendants. The petition alleges that plaintiffs, being the owners of a box of looking-glasses, had employed a carman to transport them from the levee, in the city of St. Louis, to their store on Fourth street; that while they were in the act of unloading the box and had it partly out of the car, a negro servant, then in the employment and under the control and direction of defendants, and at the time engaged in driving à carriage and horses of defendants, carelessly and negligently drove the said carriage against the horses attached to the car in which was plaintiffs' glass, and thereby causing the horses attached to the car to start and the glass to be broken.

The answer admits that the servant was in the employment of defendants, but avers that he was under the direction of one Sublette, who had hired the horses, carriage and driver of defendants, and had direction of them at the time of the alleged accident.

At the trial, it appeared by the testimony of the plaintiffs' witnesses, that the horses of defendants came into collision with the horses and car in which the box of glasses was, causing the horses of the car to start, and the box of glasses to fall, and thereby become broken and the glasses destroyed. The value of the glasses was proved. The defendant then called the plaintiff (Kennard), whose testimony corroborated that of his own witness, the carman.

The court instructed the jury that the plaintiffs could not recover if the servant wilfully did the wrong. The court also excluded the testimony offered by defendants, tending to show that the general character of the driver of defendants' carriage was that of a prudent, careful driver. The jury found their verdict for plaintiff, and judgment was rendered thereon.

The defendants moved for a new trial on account of the rejection of the evidence as to the driver's character, and on the ground of newly discovered evidence—a witness by whom he could prove that there was no collision, but that the carman's horses took fright themselves, when defendants' carriage started. But there was no affidavit of the newly discovered witness himself, accompanying the application for new trial on the defendants' affidavit. This motion for new trial was overruled, and the defendants bring the case here by appeal.

The court below very properly rejected the evidence of the general character of the driver, as to his prudence and carefulness. This character was not brought in controversy ; it was wholly immaterial to the issue ; the most careful and prudent character would not justify the act complained of, and without proof of the act, the most inattentive and careless character would not warrant the jury in finding the act done. The driver's character had nothing to do with the matter in controversy ; there is nothing, therefore, in this point. There is equally as little in the point about being surprised by the testimony of Kennard. He had made affidavit to the facts set forth in his petition ; and how afterwards, in giving his testimony, substantially stating the same matters, the defendants could be surprised is not easily perceived.

The third point also is against the defendants. Under the circumstances in evidence in this case, it is obvious that the newly discovered witness could be received in no other light than in giving cumulative evidence ;· the facts stated by defendant as those to which he will testify are on the same subject already passed on by the jury—the collision—the evidence on the plaintiffs' part is, that there was a collision ; and by the defendants,

that, from the tracks of the horses and carriage and car, there was probably no collision. But there is still another fatal objection to the motion for a new trial ; there is no affidavit of the newly discovered witness himself, detailing what he will testify to ; and without this, the court will not grant a new trial on newly discovered evidence alone ; the affidavit of the party interested will not suffice itself ; the affidavit of the new witness must be produced or its absence accounted for. ( 3 Graham & Waterman on New Trials, 1065.) A new trial will not be granted on account of newly discovered evidence, if the evidence is only material to impeach or contradict witnesses sworn on the former trial, nor where the evidence is merely cumulative. (Fleming v. Hollingsback and Sweet, executors of Hollingsback, 7 Barb. S. C. R. 276–2 ; Denio, 104 ; 10 Wend. 274 ; 1 Tyler, 441 ; 4 Blackf. 308 ; 20 Mo. 425 ; Wells v. Sanger, 21 Mo. 354.) The other judges concurring, the judgment below must be affirmed.