## GEORGE KOONTZ v. THE STATE.

1. BAD SPELLING will not vitiate a verdict, if its meaning be evident.
2. PRACTICE IN SUPREME COURT.—Without a statement of facts in a criminal case the appellate court will only consider whether the indictment will sustain the charge and the finding of the jury; nor will the instructions given or refused by the court be revised.
3. See rules for application for new trial in criminal cases.

APPEAL from Lavacca. Tried below before the Hon. W. H. Burkhart.

George Koontz was indicted, tried, and convicted for theft of a hat from the house of Alfred Dunham.

The verdict was as follows :

" We, the jury, find the defendant *gilty* as charged in the indictment, and assess his punishment at confinement in the State penitentiary for a *turm* of *too* years."

The court charged the jury in the terms of the statute upon the offense.

The defendant asked the Court to charge the jury that "if they believe from the evidence that the hat in question came into the possession of Alf. Dunham upon the result of a game with cards with defendant, and without any other consideration, then no property in the hat passed to said Dunham, and the after peaceable acquisition of the possession by the defendant was not in violation of the law," which instruction was refused.

Motions for new trial and in arrest of judgment were overruled. On the next day a motion for rehearing was filed, urging a new trial, on testimony of a certain witness whose affidavits were annexed to the motion. It was stated that defendant did not know the testimony was material until after the trial; that the affidavits could not be procured in time for use in the first motion for new trial. This motion was also overruled.

No statement of facts or bills of exceptions are in the record.

*M. V. Kennison*, for appellant.

*George Clark, Attorney General*, for the State.

REEVES, ASSOCIATE JUSTICE.—The court did not err in overruling the motion in arrest of judgment. Bad spelling will not vitiate a verdict where it has the requisites of being certain and intelligible. The verdict in this case, though not a good specimen on a question of orthography, has these requisites, and could not be misunderstood.

Without a statement of the facts in evidence before the court and jury it cannot be ascertained whether the grounds of the motion for a new trial were well taken or not, or whether the charge to the jury was erroneous or not; and there being no statement of facts, the objections made by the defendant will not be examined further than to see that the indictment will sustain the charge and the finding of the jury. The indictment is in the usual form, charging the defendant with theft from a house, describing the property averred to have been stolen, with its value, and the name of the owner, and that the act was done willfully, unlawfully, fraudulently, and feloniously, stating the time and place, and charging the intent in the usual form. The instructions of the court present the law applicable to the case, as charged in the indictment, and the verdict of the jury responds to the charge as it appears in the record;

and without any further guide to aid in the investigation, we are left to announce again the oft-repeated decisions of this court, that the errors complained of will not be revised without the evidence upon which the court and the jury acted. And this applies as well to the charge given by the court as to the charge asked by defendant and refused to be given.

Theft, as defined by the code, was charged by the court, and no explanation of the terms used in defining the offense was asked at the time, or made a ground of the application for a new trial. If these terms were thought to require explanation, the attention of the court should have been called to it by a specific charge, that the desired explanation might have been given, or, if refused, that it might have been reviewed.

The application for the rehearing of the motion for a new trial has been, in part, anticipated and disposed of in the opinion on the motion in respect to a failure to bring up a statement of the facts proved on the trial.

A new trial, on the ground of new testimony material to the defendant, and discovered since the trial, is governed by the same rules which regulate civil suits.

The rules in such cases are well settled. It is sometimes a question of diligence, or whether the evidence will probably change the result. (Campbell *v.* The State, 29 Tex., 490.) A new trial is not ordinarily granted for the purpose of introducing cumulative evidence. (Steinlein *v.* Dial, 10 Tex., 268; Shaw *v.* The State, 27 Tex., 752.) And the defendant must satisfy the court that it was not wanting to due diligence that the evidence was not sooner obtained. (Watts *v.* Johnson *et al.*, 4 Tex., 311; Madden *v.* Shapard, 3 Tex., 49.)

It appears that the parties on whose testimony the new trial was asked reside only some six hundred yards from Dunham's, and they seem to be acquainted with all the parties. A defendant must be presumed to know the lead-

ing facts of his case, and must be expected to make some preparation to obtain evidence to meet the charge against him, or show some excuse for it. No time was asked by defendant, but he seems to have gone to trial without seeking or desiring a continuance, or any postponement of the trial. It may be inferred, there being no statement of facts in'the record, that the evidence warranted the instructions given to the jury on the question about which the absent witnesses proposed to testify, and that their evidence was only cumulative, and the court, having heard the evidence on the trial, might have been of the opinion that the result would not probably be changed on another trial, or the court may not have been .satisfied that proper diligence had been used to obtain the testimony. For good cause shown the court may, in felony cases, allow an application for new trial to be made at any time during the term. As presented by the record, it is not for us to say that the court erred in its judgment, and that the motion should have been granted. The judgment is therefore affirmed.

AFFIRMED.