## FRANK SIMMS v. THE STATE.

NEW TRIAL—NEWLY-DISCOVERED EVIDENCE.—In applications for a new trial on account of newly-discovered evidence, the allegations of the affidavit must at least be such as would have sufficed for a continuance; should disclose the source of the affiant's information, and affirm his belief of its truth; and should satisfy the court that he had not been remiss in point of diligence.

APPEAL from the District Court of Guadalupe. Tried below before the Hon. EVERETT LEWIS.

The indictment was for the theft of two cows, of the value of $10 each.

No brief for the appellant.

*George McCormick*, Assistant Attorney General, for the State.

WHITE, J.  We have examined the record in this case with great care to ascertain whether there was any error committed in the proceedings which resulted in the judgment of conviction in the lower court.  We have been able to find none.

The charge of the court presented the law applicable to the facts, and the facts fully warranted the verdict of the jury.

As to the motion for a new trial on the ground of newly-discovered testimony, the affidavit should at least disclose facts which would have been sufficient on a motion for a continuance.  The rule in regard to the latter motion, as laid down by the supreme court, is that affiant should state, not only the source of his information as to what could be proved by the absent witness, but, further, that he believes the information to be true.  *Brown* v. *The State*, 23 Texas, 199.  The defendant must also satisfy the court that it was not wanting to due diligence that the evidence could not sooner be obtained or discovered.  *Watts* v. *Johnson*, 4 Texas, 311 ; *Madden* v. *Shepard*, 3 Texas, 49 ; *Koontz* v. *The State*, 41 Texas, 570.

The judgment of the lower court is affirmed. ·

*Affirmed.*