R. O. Wood & Company vs. Elizabeth Helme.

Under an agreement of arbitration by which differences between A. and B. relative to certain premises were submitted to two arbitrators, who, if they could not agree, were to call in a third, and the decision of any two of the three was to be final; a third was called in, and of the three two of them in the absence of the other examined the premises and heard *ex parte* statements from B., A. not being present and not having been notified; the third also examined the premises alone and heard *ex parte* statements from B., in the absence of A. and without notice to him, the information thus gained being influential in determining the award; and subsequently the three heard *ex parte* statements from A., in the absence of B. and without notice to him.

*Held*, that the award was illegally made and null: *first*, because the parties interested were not notified; *second*, because the arbitrators did not act together.

*Cleland et al.* v. *Hedly*, 5 R. I. 163, affirmed.

Bill in Equity to annul an award and for an injunction.

*January* 9, 1884. Tillinghast, J. This is a suit in equity to set aside an award.

The complainants, who are contractors and builders, entered into a contract with the defendant to construct and build two cottage houses for her in the city of Providence, in accordance with certain plans and specifications mutually agreed upon.

The contract was not fulfilled to the satisfaction of the defendant, and the parties being unable to agree as to a settlement thereunder referred the matter to arbitration under the following submission:

"Whereas, a controversy exists between Elizabeth Helme, of the city and county of Providence, and State of Rhode Island, and Roscoe O. Wood and George S. Bamford, both of said city, county, and State, copartners, doing business in said city of Providence under the firm name of R. O. Wood & Co., in relation to the performance of a certain contract made by said firm with said Elizabeth Helme to build two cottage houses in the rear of No. 14 Halsey Street in said city.

"Now, therefore, we, the undersigned Elizabeth Helme, and Roscoe O. Wood and George S. Bamford, doing business as the firm of R. O. Wood & Co., do hereby mutually agree and covenant to and with each other to submit all and all manner of controversies, claims, and demands now existing between us, growing out of said contract above referred to, or held by and between

us concerning said contract to John L. Sprague and Edward R. Wheeler, both of said city of Providence, as arbitrators, who shall arbitrate, award, order, judge, and determine of and concerning the same, with power to award the payment of the costs incurred in such arbitration. And in case said Sprague and said Wheeler are or shall be unable to agree upon an award, order, or judgment in the premises, then we do hereby authorize them to and they shall appoint a third person to be by them chosen to act as arbitrator with them, and the decision, award, order, or judgment of any two of said three shall be final and binding upon us. And we do mutually covenant and agree to and with each other, that the award to be made by the said arbitrators, or any two, if a third be chosen, shall in all things by us and each of us be well and faithfully kept, observed, and performed. Provided, however, that such award be made in writing under the hands of the said arbitrators, or any two of them, if a third be chosen, ready to be delivered to us or either of us *on or before the first day of January, A. D. 1883.*[1] This submission to arbitration to be binding upon the heirs, executors, administrators, and assigns of us and of each of us.

"Witness our hands and seals this seventh day of October, A. D. 1882.

| "In presence of | ELIZABETH HELME, | [L. S.] |
| DANIEL H. HELME, | ROSCOE O. WOOD, | [L. S.] |
| | GEORGE S. BAMFORD, | [L. S.] |
| | R. O. WOOD & CO. | [L. S.] |

The allegations of the bill as amended, in so far as it is necessary to consider them under the evidence submitted, are that the arbitrators named in said submission, after hearing the parties in the premises, were unable to agree, and thereupon called in as a third arbitrator Spencer P. Reed.

That after said Reed was called in certain of said arbitrators misconducted themselves in the premises, in this, namely, that a meeting was held by two of said arbitrators, namely, Wheeler and Reed, at the house of the defendant, without notice to and

---

[1] In the original instrument a line has been drawn through the words in italics.

without the knowledge of the complainants, at which meeting they viewed the premises, accompanied by Daniel H. Helme, a brother of the defendant, and heard statements from him in behalf of the defendant, which statements were of a nature calculated to bias said arbitrators, and received from him a paper, containing a bill of complaint in behalf of defendant, which paper was used by said arbitrators in inspecting the premises; that during said meeting said Wheeler retired, and said Reed tarried to have an interview with the defendant, and did see and question her in the presence of her said brother as to her claim in the premises, and that she then and there gave to said Reed her version of the contract with the complainants, and stated her claim thereunder; that the amount of the award was arrived at by the arbitrators by each one marking the amount he was disposed to allow and then dividing the sum of these amounts by three; and that the arbitrators in making their award not only allowed deductions from the complainants' claim for things improperly done, but also for things agreed to be but not done at all.

The bill further alleges that said arbitrators, in making up their award, were influenced by the statements of the defendant and her brother made at said *ex parte* hearing, and greatly reduced his claim against the defendant on account thereof, and that said award is the result of said improper conduct of said arbitrators and said *ex parte* hearing, and is grossly unjust and partial.

The bill further alleges that the complainants have brought a suit at law in this court against said defendant to recover the amount due them under said contract, to which said suit the defendant has replied by making a tender of the amount of said award, and by pleading said award in bar thereof.

The prayer of the bill is that said award may be set aside and declared null and void, and said defendant restrained from pleading it in said suit at law, and for other relief.

The answer of the defendant denies that there was any meeting of the arbitrators at her house after the appointment of the third arbitrator, at which any *ex parte* statements were made by her or her brother to said arbitrators as alleged; that anything was done by her or by any one in her interest to influence or prejudice the

arbitrators or either of them in her favor ; or that there was any partiality, unfairness, or improper conduct on the part of said arbitrators or either of them in the premises.

The evidence submitted at the trial disclosed the following state of facts, namely :

1. That the arbitrators named in the submission, after hearing the parties in the premises, were unable to agree upon an award, and thereupon called in a third person as provided.

2. That after said third person was called in, he and one of the original arbitrators met, and in the absence of the other arbitrator visited and inspected the two houses mentioned in the submission, and then and there, in the absence of the complainants and without any notice to them of said meeting, heard the defendant's brother, who was acting in her interest, with regard to the defects in the construction of the houses and her grievances in the premises.

3. That during said examination and hearing, one of said arbitrators absented himself therefrom, leaving the other to complete the same, and that the man called in as the third arbitrator did remain and further examine said houses with the defendant's brother, and then and there heard the defendant and her brother as to her complaints and grievances in the premises, she and her said brother being the only persons present with said arbitrator.

4. That the information thus received by said third arbitrator was the only information which he obtained on the side of the defendant as to her claim, and that it was used by him in determining the amount of said award.

5. That after hearing the defendant and her witness in the manner aforesaid, all of the arbitrators met at the office of said Reed, where they heard the complainants in the premises, without the knowledge of or any notice to the defendant. These were the only hearings which were had after calling in the third arbitrator.

6. That said arbitrators thereupon made and published their award.

Under this state of facts the award cannot be sustained, for two reasons, namely : first, because no notice was given of the meeting of the arbitrators at which the houses were examined and evi-

dence submitted by the defendant as to her claim in the premises; and, second, because the arbitrators did not all act together.

Without question it was the duty of the arbitrators under the submission in this case to give due notice to the parties of the time and place for hearing the cause before proceeding therein. The right to such notice was clearly implied in the agreement to submit, and the nature of the inquiry also, by the arbitrators, was such as to render notice necessary. Furthermore, the plainest principles of justice require this. It was a judicial proceeding, directly affecting the interests of both parties to the submission; and the very first step in all proceedings of this sort is to give proper notice to the parties of the time and place of hearing or trial; and until this is done, no jurisdiction to act is acquired. And this rule is held with great strictness in all proceedings of this sort where testimony is to be taken, whether under oath, or, as in this case, in the form of statements of the parties which amount to the same thing. In *Knowlton* v. *Mickles*, 29 Barb. S. C. 465, the arbitrators proceeded to examine the premises in dispute in the absence of the defendant, attended part of the time by the plaintiff in person, and then and there made various inquiries of, and called for and listened to the statements of other persons as to their knowledge of the damage and the cause thereof, and without the knowledge and in the absence of the defendant. The court, Emott, J., condemned the proceeding and affirmed the judgment below setting aside the award.

And it makes no difference in this respect that there has been a regular hearing in the case before the two arbitrators originally chosen, who were unable to agree, and thereupon called in a third person; for the proceeding then commences *de novo*, and the parties are entitled to the same notice as though no proceedings had been previously had. *Selby* v. *Gibson*, 1 Har. & J. 362, note; *Lutz* v. *Linthicum*, 8 Pet. 165.

The rule which the authorities make upon the question of notice is well stated in 6 Wait's Actions and Defences, 522, 523, and is, that " unless the submission expressly shows that the parties intended that the arbitrators should decide the questions in dispute without the aid or presence of the parties, or it is evident that such was the intention, as where the matter is merely one of ap-

praisal, *Bushey* v. *Culler*, 26 Md. 534 ; *Collins* v. *Vanderbilt*, 8 Bosw. 313, the arbitrators must give both parties notice of the time and place of meeting, and they have no authority to proceed *ex parte ; Bullitt* v. *Musgrave*, 3 Gill, 31 ; *Webber* v. *Ives*, 1 Tyler, 441 ; *Frey* v. *Vanlear*, 1 Serg. & R. 435 ; and where the parties are entitled to notice in the first instance, they are entitled to notice of the time and place of any subsequent hearing, and it is improper, and will invalidate the award, if the arbitrators make an examination, or hear testimony, at the request of one of the parties without notice to the other." *Chaplin* v. *Kirwan*, 1 Dall. 187 ; *Peters* v. *Newkirk*, 6 Cow. 103 ; *Banton* v. *Gale*, 6 B. Mon. 260.

The reasoning of this court in the case of *Cleland et al.* v. *Hedly*, 5 R. I. 163, with regard to the illegality of receiving any *ex parte* evidence in cases of this sort, without notice to the opposite party, is abundantly supported by the authorities, and we are content with the law as therein stated. It is decisive of the case at bar upon that point.

The second reason why the award in this case cannot be sustained is that the arbitrators did not act together. It is a well settled rule that where the submission is to the several arbitrators jointly, all must act and act together. And this rule obtains as well in those cases where the majority are authorized to make an award which shall be binding upon the parties to the submission, as where entire unanimity is required. Said Mr. Justice Nelson, in *Harris* v. *Norton*, 7 Wend. 534 : " Referees have no power to act unless all attend. The concurrence of two, had the third been present, would have been enough ; but only two attending, they could do no act affecting the rights of the parties."

And the law is the same with regard to arbitrators as to referees.

In *Hoff* v. *Taylor*, 5 N. J. Law, 829, the court states the rule as follows : " All are to deliberate, consult, reason ; but the weight or majority of opinion is the rule. The whole court is to hear, but the claim which gains the most suffrages is to prevail."

Says Mr. Justice Breese, in *Smith* v. *Smith*, 28 Ill. 56, 60 : " They must each be present at every meeting, and the witnesses and the parties must be examined in the presence of them all ; for

the parties are entitled to have recourse to the arguments, experience, and judgment of each arbitrator at every stage of the proceedings brought to bear on the minds of his fellow judges, so that by conference they shall mutually assist each other in arriving at a just conclusion. To the same effect are both the English and American decisions almost without exception. See Kyd on Awards, 105, 106; Russell on Arbitration, 209; Morse on Arbitration and Award, 152, 153; *Thompson* v. *Mitchell*, 35 Me. 281; *In re Plews & Middletown*, 6 Q. B. N. S. 845; *Little* v. *Newton*, 9 Dowl. P. C. 437; *Lord* v. *Lord*, 5 El. & B. 404; *Lyon* v. *Blossom*, 4 Duer, 318, 325; *M'Inroy* v. *Benedict*, 11 Johns. Rep. 402.

In the case at bar this important and salutary rule was not observed, owing, doubtless, to the misapprehension on the part of the arbitrators of their duty in the premises; for we do not find that they were guilty of any intentional wrong doing in the attempted performance of the duty which they assumed. The entire proceedings, after the calling in of the third arbitrator, were wholly irregular and illegal, and consequently of no binding force upon any one. It is unnecessary to consider the question raised as to whether the award set out in the bill and signed by the arbitrators was or was not arrived at in an improper manner by them, as in either event it was a nullity, owing to the illegality of the previous proceedings.

The award must be set aside, and the defendant enjoined from pleading the same in bar of the complainant's said suit at law.

*Decree accordingly, but without costs.*

*Nicholas Van Slyck & H. A. McKenney,* for complainant.

*Ziba O. Slocum,* for respondent.