CHARLES F. MAYER, SURVIVING PERMANENT TRUSTEE OF JOHN GOODING, APPELLANT, *v.* WILLIAM-PINKNEY WHITE, ADMINISTRATOR DE BONIS NON OF JOHN GOODING AND ROBERT M. GIBBES AND CHARLES OLIVER, SURVIVING EXECUTORS OF ROBERT OLIVER, DECEASED.

Another branch of the cases arising under the Mexican Company of Baltimore, formed in 1816.

This court decided, in 17th Howard, 274, that the interest in one of these shares did not pass to a trustee in insolvency in 1819, the contract with Mina having been declared by the Court of Appeals of Maryland to be utterly null and void, so that no interest could pass to the trustee of an insolvent.

But in 1824, Mexico assumed the debt as one of national obligation, and the United States made it the subject of negotiation until it was finally paid.

A second insolvency having taken place in 1829, there was a right of property in the insolvent which was capable of passing to his trustee.

The claim of the latter is therefore better than that of the administrator of the insolvent.

This was an appeal from the Circuit Court of the United States for the district of Maryland.

It was a branch of the cases relating to the shares of the Mexican Company of Baltimore, so often reported in the preceding volumes of Howard, and which are referred to in the opinion of the court. The opinion contains, also, a statement of the facts in the present case.

The bill was originally filed in the Circuit Court for Baltimore county (State court) by Charles F. Mayer and John Barney, trustees of John Gooding, under his insolvency in 1829, against John Gooding, jun., Charles Oliver, and Robert M. Gibbes. It was removed into the Circuit Court of the United States, upon the application of John Gooding, junior, who alleged that he was a citizen of Virginia. An answer was filed by Gooding, who afterwards died, and White became administrator de bonis non of the first John Gooding. A bill of revision was filed, and other proceedings took place, amongst which was a suggestion of the death of John Barney, so that Mayer became the surviving trustee. Gibbes and Oliver answered, and in May, 1858, Judge Giles, then holding a Circuit Court, dismissed the bill; from which order Mayer appealed to this court.

It was argued by *Mr. Mayer* and *Mr. Reverdy Johnson* for the appellant, and submitted on printed argument by *Mr. Dulany* and *Mr. Campbell* for the appellees.

It is proper to mention that when the mandate of this court,

in the case of Gooding, 17th Howard, 274, went down, the executors of Oliver paid into court the money and stocks sued for; and afterwards, in pursuance of an order of the court, passed on the 28th June, 1858, (after the dismissal of the bill, as above mentioned,) the same stocks and money were paid out of court to White. It was agreed by the counsel that the claim of Mayer was exclusively against White as administrator.

Mr. Justice NELSON delivered the opinion of the court.

This is an appeal from a decree of the Circuit Court of the United States for the district of Maryland.

The bill was filed in the court below by Charles F. Mayer, the surviving trustee of John Gooding, appointed under certain proceedings instituted by Gooding before the commissioners of insolvent debtors for the city and county of Baltimore, for the benefit of the insolvent laws of Maryland, in October, 1829. Gooding was an original owner of a share in what is known as the Baltimore Mexican Company, which, in 1816, furnished General Mina with the means to fit out a warlike expedition against Mexico, then a province of Spain. The expedition failed, and Mina perished with it soon after he landed. Mexico having subsequently achieved her independence, the company made application to the new Government to assume the debt, which it did, by a decree of the 28th June, 1824; but payment was delayed, from time to time, until this, with other claims against the Government, were adjusted and discharged, under the convention between this Government and Mexico, of April, 1839. The share of Gooding, which was one-ninth of the interest in the contract of Mina, amounted, at the time of its allowance by the commissioners under this convention, to the sum of $39,381.82. The complainant claims this amount, with interest, under the insolvent assignment made by Gooding for the benefit of all his creditors, as already stated, under the insolvent laws of Maryland, in 1829.

The defendant, White, the administrator de bonis non of Gooding, sets up a title to the fund as the personal representative of the estate, and claims it as part of the assets which belong to the heirs and distributees.

The history of the litigation among the several claimants to the money, awarded to the Baltimore Company by the commissioners, under the convention with Mexico, (amounting to the sum of $354,436.42,) of which the fund in controversy is a part, will be found in the 11th How., 529; 12 Ib., 111; 14 Ib., 610; 17 Ib., 234; and 20 Ib., 535.

In the case of John Gooding, administrator de bonis non of John Gooding, deceased, *v.* Charles Oliver and others, executors of Robert Oliver, (17 How., 274,) the present fund was in controversy between the administrator of the estate, claiming it as assets, and the representatives of Robert Oliver, claiming it by virtue of a purchase from an insolvent trustee, under proceedings instituted by Gooding for the benefit of the insolvent act of Maryland in 1819. As between these parties the court held, that the administrator was entitled to the fund as assets of the estate. The reasons for this decree will be found in the report of the case referred to.

Gooding, as has been already stated, again took the benefit of the insolvent act in 1829, and the question now is between the trustee appointed under these insolvent proceedings, as assignee of his estate for the benefit of creditors, and the present administrator de bonis non, the personal representative.

The executors of Oliver, who claimed under the trustee in the first insolvent proceedings in 1819, failed to hold the fund against the personal representative in the case referred to, upon the ground the courts of Maryland had decided that the contract of the Baltimore Company with General Mina, which had been made in violation of our neutrality laws, was so fraught with illegality and turpitude, and so utterly null and void, that no claim to, or interest in it, passed under their insolvent laws to the trustee; and such being the construction of a statute of Maryland by her own courts, this court, according to the established course of decision, felt bound by it, and consequently the insolvent trustee took no interest in the Mina contract, nor Robert Oliver, or his personal representatives, who claimed under him.

The case now comes before us between the trustee in the

insolvent proceedings of 1829, under the assignment for the benefit of creditors, and the present personal representative of the estate of Gooding, the former in the mean time having died; and the principal question is, whether or not this trustee took the interest of the insolvent in the Baltimore Company in 1829, by virtue of these proceedings. If the interest is to be regarded in the same condition as it stood, according to the judgment of the Maryland courts, at the time of the former insolvent proceedings, our conclusion must be the same as in the case of Gooding, administrator, *v.* the Executors of Oliver. The personal representative would be entitled to the fund.

It is insisted, however, by the learned counsel, on behalf of the trustee, that the state and condition of this interest had in the mean time changed, and had become an admitted legitimate demand or debt against the Mexican Government, wholly exempt from any taint of illegality or turpitude, and hence to be regarded as property of the insolvent, to be devoted to the benefit of his creditors.

This interest or demand, as it stood in 1819, at the time of the first insolvent assignment, as we have seen, arose out of a contract between the Baltimore Company and General Mina, which, as admitted, was illegal, being in violation of our neutrality laws. Whether that constituted a valid objection to the assignment under the insolvent laws of Maryland, for the benefit of creditors, is not a question now before us. The affirmative was held by a court having jurisdiction to decide it. If an original question, we should not have had much difficulty in disposing of it. This contract, then, stood simply upon the personal obligation of Mina, and as between the parties it was void and of no effect, if Mina or his legal representatives chose to avail themselves of its illegality. But Mexico, after she had gained her independence in 1824, assumed the debt due to the Baltimore Company as one of national obligation, which had been contracted for the service and benefit of the nation by a general declared *bene meritos de la patria.* The assumption was the free act of a sovereign power, and wholly independent of the question as to the legal qualities or charac-

ter of the debt, as viewed under the statute or common law of the country in which it originated. It was assumed by the Congress of Mexico, upon public political considerations, in favor of persons who had contributed their means in support of the struggle which resulted in the achievement of her independence, and the obligation rests not upon the contract of General Mina, or municipal regulations, but upon the decree of the sovereign power and public law of the nation.

We may add, that after the recognition and adoption of this claim by the Mexican authorities, the Government of the United States, through its minister to that country, made it the subject of negotiation on behalf of the parties in interest, who were citizens, for the purpose of procuring indemnity for the same, and which resulted, as has been already stated, in its satisfaction, under the convention of 1839.

We have no difficulty, therefore, in holding that the demand in 1829 constituted a right of property or interest in Gooding, the insolvent, that passed to the plaintiff as trustee, by virtue of the assignment under the insolvent proceedings of 1829. The case of Comegys et al. v. Vase, (1 Peters, 193, 216, 218, 220,) is a full authority upon this point.

As to the objection that the plaintiff is concluded by the decision of this court in the case of the former, Administrator of Gooding v. the Executors of Oliver, reported in the 17th How., 274, one of the questions decided in that case furnishes a conclusive answer to it. We need not repeat the reasons or authority which led this court to its conclusion, which are there stated at large.

The decree of the court below reversed and remanded, with directions to enter a decree for the plaintiff against the administrators of Gooding, deceased, in pursuance of above opinion and stipulations of parties.