# VICTOR SEWING MACHINE COMPANY, Appellant, v. GEORGE W. CROCKWELL et al., Respondents.

1. Obligors in Bond—Sureties.—The conditions in a bond are to be construed in favor of the obligors, and the liability of sureties will not be extended beyond the strict letter of their contract.

2. Extent of Liability of Sureties on Bond.—A surety in a contract requiring an agent to turn over to his principal all the notes received for the sale of the property of the principal and indorse the same, is not holden for the payment of such notes. The contract of the surety does not extend, in such a case, to the performance of the contract implied by the indorsement of such notes.

3. Limitation of Action on Bond.—When the breach of a contract consists in a failure to pay over money balances due thereunder, the liability falls upon the defaulting party, when such failure occurs, and the statute of limitations begins to run from that time.

Appeal from the Third Judicial District Court.

The facts are stated in the opinion of the court.

*Bennett & Harkness,* for appellant.

The statute of limitations has no application to the two breaches of the bond first assigned. The action is on a bond given to secure the performance of a written agreement; these two breaches are the non-performance of this agreement. The accounts for goods consigned and sold are not the basis of the action, but only a means of proving the non-performance of the written agreement, and measuring the damages sustained.

The ruling that the non-payment of the personal and guaranteed notes did not constitute breaches of the bond is answered by the terms of the agreement and bond. The former provided that such notes may be given. The complaint alleges, and the answer admits, that they were given for goods consigned and sold under the agreement. The moneys due

on those notes would, therefore, be due under the agreement or arising therefrom. The bond is conditioned for the payment of "all moneys due, or which shall become due under or pursuant to the within contract, or which shall arise therefrom by notes, indorsements or otherwise." The ruling of the court deprives the bond of all value as a security.

*Sutherland & McBride*, for respondents.

The first two breaches of the bond assigned are clearly barred by the statute of limitations; the written contract of agency only regulates the manner of conducting the business; the contract, standing alone, could never create any liability on the part of defendants. It is not a contract in writing to purchase, because it does not bind the defendants to purchase; they may utterly fail to purchase anything, and yet there will be no breach of the contract. Where one party is not bound neither is bound. *Mt. Pleasant* v. *Conway*, 18 Ohio, 234; *State* v. *Blake*, 2 Ohio, 147; *Russell* v. *Fuller*, 1 Ohio, 329; *Couch* v. *Warring*, 9 Conn. 261; Chitty on Cont. 460; *Ames* v. *Maclay*, 14 Iowa, 284; *State* v. *Davereux*, 12 Bush. 167.

There is no breach of the bond arising out of the non-payment of the guaranteed and personal notes. The liability of a surety is not to be extended beyond the strict letter of his contract, and all intendments are in his favor. *Russell* v. *Clark*, 7 Cranch. 69; *U. S.* v. *Cheeseman*, 3 Sawyer, 434; *Smith* v. *U. S.*, 2 Wall. 235; *U. S.* v. *Bond*, 15 Pet. 207; *Leggett* v. *Humphreys*, 21 How. 76; *Martin* v. *Thomas*, 24 How. 317; Fell's Guar. & Sur. ch. 5.

Article 2 of the agreement provides, in substance, that all promissory notes taken shall be guaranteed by Crockwell & Bassett, and that their blank indorsement shall constitute such guaranty; this guaranty the defendants executed according to its terms. There is no stipulation in the contract that such notes shall ever be paid, or that the defendants, Crockwell & Bassett, would make good their guaranty. The complaint alleges, and the evidence shows that the guaranty was made in

the very terms of the contract, namely, by indorsing the notes and delivering them to the plaintiff.

BOREMAN, J., delivered the opinion of the court:

Two of the respondents, Crockwell and Bassett, entered into an agreement with appellant to become its agents in Salt Lake City to sell sewing machines. The agreement was lengthy, intricate and indefinite. To this agreement was added a bond, with Crockwell and Bassett as principals, and Streeper, Greenig and Murphy as sureties, conditioned to pay all moneys that may become due under the agreement, and to ensure the performance of the agreement.

The appellant, alleging breaches of the bond, brought suit against respondents on the bond, and judgment being given in the District Court for respondents herein, the plaintiff below (appellant here) has appealed to this court.

It is urged that the court erred in excluding the personal notes of Crockwell and Bassett. The obligors on the bond, the defendants below, objected to the introduction of these notes, because their non-payment showed no breach of the bond. By the agreement, Crockwell and Bassett agreed to give the notes, and this they did do, but the bond did not make the obligors in the bond liable if the notes were not paid. The conditions of the bond are to be construed in favor of the obligors. 2 Pars. Cont. 22, note (*c*). And the liability of sureties is not to be extended beyond the strict letter of the contract. *Leggett* v. *Humphreys*, 21 How. 76; *Martin* v. *Thomas*, 24 How. 317; *Smith* v. *U. S.*, 2 Wall. 235.

It is also assigned for error that the court below excluded the notes guaranteed by Crockwell and Bassett, and ruled that non-payment of these notes did not constitute a breach of the the bond. The agreement said that Crockwell and Bassett should guarantee these notes, but it is further said that the " blank indorsement of said notes by said consignee, before delivery to said Victor sewing machine company, shall be a guaranty of the payment of such notes." These blank in-

dorsements were made, and the letter of the agreement was complied with. Crockwell and Bassett might be reliable as guarantors of the notes, but they and their sureties are not liable as obligors on the bond.

It is also alleged that it was error for the court below to rule that the action on the bond was barred by the statute of limitations, in respect to matters shown in exhibits "A" and "B." The breach seems to have been the failure to pay over money balances due appellant from said Crockwell and Bassett. The liability falls upon the defaulting party, when he make a breach, and the statute of limitations begins to run from that time. Chitty's Cont. p. 1236, (11th Am. ed.)

There was no error in the ruling of the court.

The judgment of the court below is affirmed, with costs.

HUNTER, C. J., and EMERSON, J., concur.