### J. M. FORT v. CAMERON & MOORE.

(No. 1585, Op. Book No. 2, p. 374.)

1w625
§ 1112
2w111
2w150
2w639

APPEAL from Lamar County. Opinion by QUINAN, J.

§ 1112. *Liquidated damages; penalty.* Appellants contracted to build appellee a house, and to finish the same within a specified time, or, in default thereof, to pay $10 per day for every day the building remained unfinished after the time specified for its completion. *Held*, the intention of the parties manifestly was that the $10 per day should be considered as liquidated damages. What the damages were which, upon a failure to complete the building in time, Fort might suffer, would have been uncertain and difficult of computation. Here no sum in

gross is fixed, but a rate per day for the delay, not in itself unreasonable, and graduating the damages by the period of continuance of failure to comply with the terms of the contract. Agreements of this kind have always been regarded not as imposing penalties, but as stipulating for liquidated damages. [2 Sedgwick on Dam. 223; Durst v. Swift, 11 Tex. 273; 11 Barb. 127; 11 Abb. N. S (N. Y.) 59; 4 Daley, 554; 24 How. 317.]

§ 1113. *New trial; newly discovered evidence.* When the newly discovered evidence for which a new trial is sought is merely cumulative, and not likely to produce a different result on another trial, it is not error to refuse the new trial. [Madden v. Shapard, 3 Tex. 49.]

June 15, 1881.                                    Affirmed.