## TEAS v. ROBINSON, ADM'R.

In cases not provided for by the statute, it is within the legal powers of this Court, to devise and authorize such appellate process, as may be necessary to enforce its own jurisdiction.

Where, after obtaining judgment in the District Court, the plaintiff dies before the defendant prosecutes his writ of error, the defendant cannot revive the judgment in the District Court against himself in favor of the representatives of the deceased plaintiff, with a view to the prosecution of a writ of error to the Supreme Court ; the proper practice being to sue out a writ of error, stating in the petition therefor, the fact of the death of the plaintiff, and praying for citation to the party or parties who by law are authorized to represent and maintain his interests.

Appeal from Walker. The plaintiff in error (who was plaintiff also below) alleges that the judgment was rendered in favor of one Wm. McDonald, now deceased, against the said plaintiff, one A. J. Stevens and one John Cotton, also deceased, which judgment was to the effect that a deed for a tract of land, executed by the said A. J. Stevens, as Sheriff of Walker county, to the petitioner, was fraudulent, null and void, and should be set aside ; and he futher alleged that before any steps were taken to remove the cause to the Supreme Court,

the said Wm. McDonald departed this life, and Benjamin W. Robinson was appointed his administrator, and that John Cotton, one of his co-defendants, had also departed this life, no administrator having as yet been appointed; that the said judgment is unjust and erroneous, and that he is desirous of prosecuting a writ of error from the same ; and he prays *scire facias* to the said Robinson, as the administrator of McDonald, and to the legal representatives of Cotton, when known, that they might show cause why they should not be made parties to said suit, and judgment, in order to defend any writ of error that might be sued out to revise or correct the same.

The defendants excepted to the petition, and the exception being sustained, the *scire facias* was quashed, and judgment entered for defendant. The plaintiff, by writ of error, has brought up the judgment for revision, and assigns error in sustaining the exceptions, quashing the *scire facias*, and in dismissing the petition.

*W. A. Leigh*, for appellant.

*Yoakum & Branch*, for appellee.

HEMPHILL, CH. J.  We are of opinion that there is no error in the judgment of the District Court.  There is no statutory provision authorizing the party against whom there is judgment in the District Court, to have that judgment revived in that Court against himself, the opposite party being dead, for the sole purpose of making parties to the judgment, and placing it in a condition to be susceptible of transfer to the Supreme Court.  The District Court is not the tribunal in which to seek redress under the circumstances.  But the party, as will be seen in the progress of this opinion, is not without his remedy.

It is very true that no express provision has been made for the case.  The statute providing against abatements in the Supreme Court, is very defective.  Prior to 1846, the laws in

relation to abatements were general, extending to all Courts; but the only provision now applicable to causes in the Supreme Court, is that authorizing the Clerk, when the plaintiff or defendant in a pending cause shall die, to issue process on application, during the recess of the Court, to enable the Court to proceed to final judgment in the name of the representative of such deceased person.   This contemplates judgments, only, which are by, or against persons in their own right; and not those where the plaintiff or defendant is an executor or administrator; for if they die, their representative is not the proper party, but the representative of the deceased testator or intestate must be brought in, and made party to the proceeding.   Nor does it extend to cases where one of the parties, being a *feme sole*, marries, and the husband is made party to the suit.   Such cases are left without specific provision.   But in analogy to the provisions against abatements in the Acts regulating proceedings in the District Courts, and from the necessity of the case, and that the parties should not only be living persons, but be vested with, or have some control over, the interest to be affected, it has been the practice in all cases, in which the original parties have become disabled by death, or otherwise, to substitute others who represent or control the interests involved in the litigation, and to give judgment for or against them as persons legally authorized to appear in the suit.

This has been the practice with reference to causes pending in the Supreme Court, and in cases like the one before the Court, in which the suits were not pending, but after final judgment and before proceedings had to obtain appellate process one of the parties dies, and where a legal representative has been appointed, it is believed to have been the practice to serve such representative, when defendant in error, with the *citation, and that such service has been deemed sufficient notice to said representative, and on his appearing in conformity with said citation, he is considered and held as a party in the cause.   No question has I believe been hitherto made as to

the legal propriety of this course. That it is reasonable and adapted to the ends of justice cannot be questioned. The party defeated below is entitled to his appeal. This is guaranteed by the Constitution, and cannot be withheld.

If the Legislature had provided no mode of bringing up cases, this Court has competent authority to have established such modes, and to have rendered them effectual for that purpose ; and in cases not provided for by statute, it is within the legal powers of the Court, to devise and authorize such appellate process as may be necessary to enforce its own jurisdiction, and secure the rights of parties interested a hearing and a revision of the judgments in this Court. If such were not the case, then there would be no mode, by which judgments in a condition similar to that in which the one before the Court is placed, could be revised. The death of the plaintiff in the judgment, in that event, would have been of signal advantage to his heirs. Their rights to the land would by this act of Divine Providence, be irrevocably established, and those of the defendant irrevocably defeated. Such cannot, legally, be the result of the death of one of the parties to a judgment. The right of the party against whom judgment is, cannot, from such cause, be extinguished. If the successful party dies after judgment, his representatives may be summoned and will be required to make their defence before the appellate Court, in order that the respective rights of the parties may be determined in the tribunal, which, by law, has the power of final adjudication. This rule of practice is in accordance with the received rules for interpreting statutes to prevent abatements in suits. They are construed liberally to promote the object designed.

It is scarcely necessary to state that where the party to the suit has departed this life, before the writ of error is sued out, the fact should be set forth in the petition, and a citation prayed to the party or parties, who by law are authorized to represent and maintain his interest.

I have deemed it expedient to advert to the rules of practice

97

Teas v. Robinson.

applicable to the facts in relation to the state of parties, in the judgment sought to be reviewed. These show that though there is no error in the judgment under appeal from the District Court, yet the party is not without remedy.

Judgment affirmed.