## W. D. DILLON v. E. W. ROGERS.

1. There is no such word as "impunitive" in the English language; and therefore a verdict for a certain sum as *impunitive damages* is unintelligible.
2. In an action of trespass, no evidence of fraud or malice was adduced against the defendant; but the court directed the jury to consider whether the trespass was committed fraudulently or maliciously, and if so, to return a verdict for exemplary damages. The jury found a verdict against the defendant for fifty dollars as actual damages, and one hundred dollars as "impunitive" damages. *Held*, that even considering the verdict as one for exemplary as well as actual damages, it was error for the court below to submit to the jury any question of exemplary damages, when there was no evidence of fraud or malice.

APPEAL from Ellis. Tried below before the Hon. C. T. Garland.

The trespass consisted in the cutting of timber from land of the plaintiff by employed servants of the defendant. It is in proof on both sides that when the defendant sent his servants to cut the timber, he drew a map on the ground of his own land, adjoining that of the plaintiff, by way of instructing them where to cut the timber. Defendant, however, did not go with them to show his land, which was some two miles distant from his residence; and the hands got on the plaintiff's tract, and cut the timber from it.

The opinion and head-notes sufficiently indicate the other facts.

*Amzi Bradshaw*, for the appellant.

*A. A. Kemble* and *H. H. Sneed*, for the appellee, insisted that the jury were warranted by the evidence in finding the appellant guilty of gross negligence; and that this was sufficient to support verdict and judgment for punitory damages—citing Sedgwick's Measure of Damages, page 36, Section 38.

WALKER, J.    A new trial should have been granted in this case.    The verdict of the jury was unintelligible.    Our English word impunity, which applies to something which may be done without penalty or punishment, comes from the Latin word *impunis*, which is a derivative from the word *pœna*, with the prefix *in*, and means without punishment or penalty.    We have no such word in our language as " impunitive ; " it cannot, then, be a proper finding for the jury to say, " We, the " jury, find for the plaintiff one hundred dollars impunitive " damages."

This was such an error as might have been corrected, and should have been, before the jury left the box.    The judgment is for punitive damages, and does not follow the verdict.    This may be supposed to present a very extraordinary irregularity, and, did the proper decision of the case depend upon it, we are not sure how we should treat it ; but the verdict, if it had been for exemplary damages, is without evidence to support it.

The statement of facts shows very conclusively, that no malice or fraud was proven against the defendants.    Nor does the evidence show that the actual damages sustained by the appellee, which could have been charged to the appellant, could have exceeded twenty dollars, allowing the highest amount proven.

The charge of the court, wherein it directed the jury to consider the question of exemplary damages, was not authorized by the evidence, and must have misled the jury.    For the reasons given, the judgment of the District Court is reversed and the cause remanded.

Reversed and remanded.