## B. G. RIDEUS v. THE STATE.

1. CHARGE OF COURT—WEIGHT OF EVIDENCE.—On the trial of a criminal charge, an instruction to the effect that, if the evidence could not be reconciled, the jury should decide who of the witnesses were entitled to the greater credibility, is not a charge upon the weight of evidence, nor does it instruct the jury to do anything incompatible with their duty under article 640 of the Code of Criminal Procedure.

2. REASONABLE DOUBT.—The failure of the court to instruct the jury to acquit, if they had a reasonable doubt of defendant's guilt, will not be ground for reversal in a case where the evidence clearly establishes the defendant's guilt.

APPEAL from Milam. Tried below before the Hon. J. M. Onins.

*George Clark, Attorney General,* for the State.

DEVINE, ASSOCIATE JUSTICE.—The defendant was indicted under a charge of an assault with intent to kill and murder one J. T. Kitchings, and tried and convicted as charged. Motion for a new trial and in arrest of judgment being overruled, the defendant has brought the cause before us on appeal.

The exceptions taken to the indictment, and the reasons in motion for a new trial, on the ground of the verdict being contrary to law and evidence, are easily disposed of. The indictment clearly charges the offense set forth in the code. There is nothing vague or uncertain about it. The verdict of the jury is simply the expression of that conviction which is formed in the mind by a perusal of the evidence, namely, that the defendant was guilty of the offense charged in the indictment.

The motion in arrest of judgment was properly overruled, there being nothing to support it.

The first assignment of error, that the court charged on the weight of testimony, was not excepted to at the time. It does not, however, appear from an examination of that

portion of the charge quoted in this assignment of error; neither is it found in any other portion of the charge. There was no error in stating to the jury that they were the exclusive judges of the degree of credit to be given to the statements of witnesses, and that, "where there is an apparent conflict between the statements of different witnesses, the jury should, if they possibly can, reconcile the apparently conflicting statements; * * but when the conflicting statements cannot be reconciled, and they cannot stand together as the truth, the jury must decide who of the witnesses is entitled to the greater credibility." This examination of the credibility of witnesses is not weighing the evidence and determining the preponderance in favor of or against a party, such as is admissible and frequently the case in civil suits. Where the evidence is conflicting in its tendencies, the duty is imposed on the jury of determining on the credibility of the witnesses, and of reconciling the facts as best they can. (Monroe *v.* The State, 23 Tex., 230.) It is, in criminal cases, compatible with the provisions of art. 640 of the Criminal Code, and is exercised (or so presumed) by the jury in every criminal cause where there is any conflicting evidence, and does not exclude from them the consideration of reasonable doubts, whenever such doubts can properly arise.

After the charge of the court had been read to the jury, the counsel for the accused asked the following instruction to be given: "That the defendant is presumed to be innocent until his guilt is established by legal testimony; and if there is a reasonable doubt in the minds of the jury as to the guilt of the defendant, they must acquit him." This instruction the court refused to give. That every man is presumed to be innocent until his guilt is established by legal testimony, and that the accused is entitled to the benefit of all reasonable doubts of his being guilty as charged, have always been established maxims in our criminal jurisprudence. They are embraced in article 640 of the

Criminal·Code, and it is the duty of the judge to give such instructions, when asked, unless they have been already given in substance in the general charge. To determine the sufficiency of this assignment to reverse the judgment, it is only necessary to examine the charge as given, in connection with the evidence in the case.

The court, after briefly stating the case to the jury, and defining in a clear, precise, and full manner the different grades of offense of which a defendant might be convicted under such an indictment, assumed the innocence of the accused, and then informed the jury what facts were necessary to be established to their satisfaction before the accused could be found guilty of either an assault with intent to kill and murder, or an aggravated assault and battery. The court, however, did not rest at this, but went further, and instructed the jury that if they believed the party assaulted was in the act of attacking the defendant, or was in a condition to injure him, or if the shooting was necessary to prevent the assailed party from doing defendant a serious bodily injury, or if defendant was in imminent danger of receiving serious bodily injury, and if he acted in the defense of his person, he would be justified, and entitled to an acquittal; thus giving in this portion of the charge the accused the benefit of a supposed state of facts, of which nothing is seen in the evidence beyond the merest shadow of a pretense. The charge was more favorable to the accused, and assumed more in his favor than he was entitled to under all the facts disclosed in the record.

The general charge embracing in substance the charges asked by the defendant being given, "the judge could not be called on to repeat the charge." (White v. The State, 11 Tex., 773.)

In Pilkinton v. The State, 19 Tex., 217, this court said, that "in general, and especially where the evidence is of doubtful interpretation, or is not of so conclusive a

nature and tendency as to exclude any reasonable doubt, it would certainly be proper to instruct the jury * * * respecting reasonable doubts; but if they believed the witnesses, it was not so easy to perceive any reason for doubt as to the guilt of the accused, and that there was no reason in refusing, under the circumstances of that case." The evidence in this case presents similar features respecting the exclusion of a reasonable doubt.

The assignment that "the verdict of the jury was contrary to the law and the evidence" is not perceived from an examination of the evidence.

The statement of facts show that J. T. Kitchings, in company with two others, gathering their stock, met defendant and six persons, all armed, near the mouth of a lane; that defendant was talking in a loud tone and in a boisterous manner; that he asked where Kitchings' brother was, saying he intended to kill him, and told Kitchings he would kill him likewise; struck the horse of witness with his gun; the horse ran off; and when distant about twenty or thirty steps, defendant leveled his gun at witness, took deliberate aim at him and fired, and was about to shoot the second time, when one of the defendant's companions induced him not to fire again.

Another witness, Baldridge, stated that defendant struck at Kitchings with his gun, and, missing him, struck Kitchings' horse, and testified substantially to all that the first witness swore to. This witness was within eight or ten feet of the defendant, and saw directly all that he testified to. Anderson, a witness, testified in substance to the facts stated by the two preceding witnesses.

The witness Lloyd testified that, "on Saturday, after the difficulty, he met defendant at a house of Dr. Robinson's, where defendant went to borrow a shot gun from Robinson. He said there was war in his neighborhood; had been to Millertown to buy ammunition. Defendant said he had shot at J. T. Kitchings to kill him, and was

sorry he had not, for then he would have one less to con-
tend with, and that God damn the Kitching boys; that
there were fifteen of defendant's clan banded together,
and they intended to camp on their trail until they got
them. Witness remonstrated, and attempted to reason
with the defendant, but it did no good.". The witness
Washburne proved in substance what the preceding wit-
ness had stated.

Two witnesses for the defense said they heard Kitchings
use obscene language to defendant, and put his hand to his
side as if to draw something. One of them did not see
the accused shoot. His gun was at right angles to Kitch-
ings, according to the statement of one witness, and "it went
off while the muzzle was pointing almost at right angles
from Kitchings." The jury gave to the evidence of these
witnesses all the credit it was entitled to.

It was shown on the trial that Kitchings was unarmed at
the time, and "all the witnesses testified that Rideus and
those with him returned in the direction in which they
came." The jury, under the facts in evidence and the law
applicable to the cases, could not have found otherwise
than guilty of an assault with intent to kill and murder.
There being no error, the judgment is

AFFIRMED.