ALBERT LINDSAY *v*. THE STATE.

1. REASONABLE DOUBT.—In trials for felonies, when the evidence is conflicting or does not clearly establish the guilt of the accused, the jury should be instructed to acquit the accused if they have a reasonable doubt of his guilt; and in such cases the omission of such an instruction is error.

2. VERDICT.—Technical objections to verdicts for want of form are to be disregarded. A verdict in a criminal case is sufficient if the judgment properly rendered on it can be pleaded in bar of another indictment for the same offense.

3. SAME.—The following verdict, in a trial for theft of a mare, is held to be good: "We, the jury, find the defendant guilty of the crime, and fix his punishment at five years in the penitentiary."

4. CHARGE OF THE COURT.—See the opinion in this case with reference to instructing juries respecting the process of reasoning to be pursued by them in deducing conclusions from conflicting evidence.

APPEAL from the District Court of Washington. Tried below before the Hon. E. B. TURNER.

The opinion clearly indicates the material facts on which the rulings are based.

Of the charge to the jury in the court below, the following is that portion which is commented upon in the opinion:

"When evidence is conflicting upon material points, and the evidence of some has to be rejected, then you will arrive at who is entitled to credit by the use of your power of discrimination, by the demeanor of the witnesses on the stand; and if you find certain facts established as true, then, if the disputed facts relate to those that are proved true, you will ascertain which statements are consistent and which are inconsistent with those facts which are shown to be true; and you will determine by these tests, as well as by your own judgment of the manner of witnesses, what is the truth. One fact, being established as a truth, is and must be consistent with every other fact that is shown to exist, because

such truth is consistent with every other truth that can exist."

*Breedlove & Ewing*, for the appellant.

*George McCormick*, Assistant Attorney General, for the State.

ECTOR, Presiding Judge. Albert Lindsay, the appellant, was indicted at the February term, 1876, of the district court of Washington county, for the theft of a mare. At the July term thereafter of said court he was tried and convicted on said indictment, and his punishment assessed at five years' confinement in the penitentiary. The defendant made a motion for a new trial, which was overruled, and he then appealed, and assigned numerous errors. The attorneys for the defendant, in their able brief, have relied mainly on four of the errors assigned, viz. :

" 1st. That the court erred in the charge to the jury.

" 2d. The evidence does not support the verdict.

" 3d. The verdict of the jury is not responsive to the indictment nor to the charge of the court; nor will the verdict support the judgment of the court; nor does the judgment conform to the verdict of the jury.

" 4th. The court erred in overruling the motion for a new trial."

The court, after stating in the charge that the defendant is on trial for the theft of a mare, gave the definition of theft, and then proceeded to instruct the jury that they were the exclusive judges of the weight of the testimony, and that they were to take the whole evidence, and from the whole determine what the real truth of the matter in issue is ; and then proceeded to instruct them as to the manner and way they should proceed to ascertain and arrive at who

of the witnesses were entitled to credit when the evidence is conflicting.

The jurors, being made by law the exclusive judges of the evidence, are deemed to have capacity enough to exercise their processes of thought and powers of combination sufficiently to weigh facts, and determine their importance and relation to each other, in arriving at conclusions, without any assistance from the judge in directing them how to ascertain the truth of disputed facts by the relation they bear to facts established. Where there is an apparent conflict between the statements of different witnesses, the jury should, if they possibly can, reconcile the apparently conflicting statements; but when the conflicting statements cannot be reconciled, and both cannot be true, the jury must decide who of the witnesses are entitled to the greater credibility; and a charge which merely goes to this extent would be proper, and would not be calculated to confuse the minds of a jury. As this case will be decided on another point, we will not further notice the rule designated by the court in weighing conflicting testimony. It is insisted in this court, and for the first time in this case, by the attorneys for the appellant, that the correct rule governing juries in weighing testimony was not given, which is: "A defendant in a criminal cause is presumed to be innocent until his guilt is established by legal evidence; and, in case of reasonable doubt as to his guilt, he is entitled to be acquitted."

By a reference to the testimony as found in the record it will be seen that the appellant was convicted upon the unsupported testimony of George Washington, the owner of the animal alleged to have been stolen; and this, too, upon what Washington designated as the admissions of the defendant, which admissions, he says, were made in the presence and hearing of three other persons, to wit, Bob Williams, Charlie House, and John Thomas. Williams, House, and Thomas were examined as witnesses in the case.

They say they were present at the time and place designated by Washington, and that they heard no such admissions as testified to by Washington.  There is no testimony in the record showing that the appellant was ever in possession of the mare after she was stolen.

There has been an apparent difference in opinion among judges of the supreme court in this state as to whether the judge presiding at the trial, in all cases, should instruct the jury that it was their duty to acquit the accused unless they were satisfied of his guilt beyond a reasonable doubt. In the case of *Pilkinton* v. *The State*, 19 Texas, 214, the defendant, Pilkinton, by attorney, asked the court to instruct the jury that, if they had a reasonable doubt, arising from the testimony, of the guilt of the defendant, they should acquit.  This charge was refused.  Wheeler, J., sustained the action of the court in refusing to give the charge, and, in the opinion of the court, says: "In general, and especially where the evidence is of doubtful interpretation, or is not of so conclusive a nature and tendency as to exclude any reasonable doubt, it would certainly be proper to instruct the jury respecting their duty, if they had any reasonable doubt arising out of the evidence.  But, if they believed the witnesses, it is not easy to perceive any room for doubt respecting the guilt of the accused.  The court doubtless thought the evidence did not call for the giving of the instruction, and, if the witnesses were entitled to credit, we cannot say the court was in error.  See, also, *Rideous* v. *The State*, 41 Texas, 199.

In the case of *Thomas* v. *The State*, 40 Texas, 45, Gray, J., delivering the opinion of the court, says: "Nor were they instructed that the accused was entitled to the benefit of a reasonable doubt of his guilt, fairly and naturally arising on the evidence, which, we think, should always be given by the court in cases of felony."

In the case of *Carr* v. *The State*, Chief Justice Roberts,

delivering the opinion, says: "The court substantially charged the law of the case, as applicable to the facts in evidence, in reference to the charge embraced in the indictment of an assault with intent to murder, and told the jury, in conclusion, if they had a reasonable doubt of defendant's guilt, to acquit him. This much the Code required him to do, it being a case of felony. Pasc. Dig., Art. 3059."

There can be no question but that there is a great conflict of the testimony in the case before us. The failure of the court, in all cases of felony, to instruct the jury, in case they have a reasonable doubt of the guilt of the defendant, to acquit him, where there is a conflict in the evidence, or where the evidence does not clearly establish the defendant's guilt, will be held by this court to be a good cause for reversal.

As this case will have to be tried again, we deem it not necessary to notice the 2d and 4th assignments of errors.

We will now proceed to notice the 3d assignment of errors. In the charge given, the court says: "In this case, if you find defendant guilty, you will so say, and fix the punishment, which is by confinement in the penitentiary not less than five nor more than fifteen years." The verdict of the jury is in the following language: "We, the jury, find the defendant guilty of the crime, and fix his punishment at five years in the penitentiary. C. C. Bryan, foreman." We believe this verdict is responsive to the charge in the indictment, and is such a finding as will support the judgment. The indictment and charge of the court show that defendant was charged with the theft of a mare, the property of George Washington, giving time and place. The defendant pleaded not guilty. There can be no doubt of what issue the jury had been impaneled and sworn to try. In a criminal case a verdict is sufficient if the proper judgment to be rendered upon it can be pleaded in bar of another indictment for the same offense. *Cham-*

*bers* v. *People*, 4 Scam. (Ill.) 351. The words " of the crime," in the finding of the jury, may be held surplusage; and the subsequent part of the verdict, which is as follows: "and fix his punishment at five years in the penitentiary," we believe is sufficiently certain to show that the intent of the jury was to assess his punishment by confinement in the penitentiary for five years. If a judgment is sufficiently certain to be rendered certain, it is good; technical objections to the form are to be disregarded. In the case of *Pickett* v. *Pickett*, 2 Bibb, 178, the court say: " Verdicts are to be favorably construed, and technical objections to the want of form in wording them disregarded." *John Mays* v. *Lewis*, 4 Texas, 38.

It is maintained by counsel for the defendant that, under the repeated decisions of our supreme court, such a verdict will not support a judgment, and to sustain this point we are referred to several opinions of the supreme court, which, upon examination, do not uphold them. In the case of *Ring* v. *The State*, 42 Texas, 282, the defendant was indicted for robbery. The verdict in this case was: " We, the jury, find the defendant, H. C. Ring, guilty of agreeing to the commission of the offense, and is liable as a principal offender, and assess the punishment at seven years in the state penitentiary." The charge in this case was defective in not instructing the jury that it requires an advice given, or an agreement entered into, to commit the offense, coupled with an actual presence at the place and the time of the doing of the illegal act, to sustain the verdict of guilty in a case of this character.

In the case of *Buster* v. *The State*, 42 Texas, 315, the defendant was indicted for murder. The jury returned a verdict in this form: " We, the jury, find the defendant guilty as charged in the indictment, and assess his punishment to be hung by the neck until dead." This verdict was held insufficient, for the reason that the Criminal Code

requires, "if the jury find any person guilty of murder, they shall also find by their verdict whether it is of the first or second degree," etc.

In the case of *Dillon* v. *Rogers*, 36 Texas, 152, the verdict was held defective. The court say there is no such word as "*impunitive*" in the English language; and, therefore, a verdict for a certain sum as *impunitive damages* is unintelligible.

Mr. Waterman, in his work on New Trials, vol. 1, p. 159, says verdicts are to have a reasonable intendment, and to receive a reasonable construction, and are not to be avoided unless from necessity, originating in doubt of their import, or immateriality of the issue found, or their manifest tendency to work injustice.

The judgment of the lower court is reversed and cause remanded.

*Reversed and remanded.*