WILLIAM R. PEPPER v. CEBURN L. HARRIS and A. W. SHAFFER.

*Practice—Evidence—Judge's Charge—Verdict.*

1. On the trial of an action, where it appeared that H, one of the defendants, had purchased the property for the value of which the action was brought, and the liability of S, the other defendant, was in issue ; *It was held,* that letters written by S to a third person concerning the property and alluding to it as "our stock," &c., were admissible in evidence.

2. Where on such trial, the Court charged "that if the jury believe that S in the course of his dealings and correspondence with the plaintiff gave him reasonable ground to believe and he did believe that the property was to be bought and used for the benefit of S, and that the plaintiff parted with his property under that belief, and the property was used for the joint benefit of S and H, *on S' farm,* then S is affected with liability to the plaintiff for the property as well as H," &c.; *It was held,* that it cannot be seen as a conclusion of law that the defendant S was prejudiced by the use of the expression "S' farm," and that it was a matter exclusively within the discretion of the Judge below, on a motion for a new trial.

3. The ungrammatical findings of a jury do not vitiate a verdict when the sense is clear ; and where in this action the jury found that defendant H agreed with the plaintiff to purchase the property and that the defendant S was a party to the contract, there is no room for a misconstruction of the verdict.

(*Poole* v. *Lewis,* 75 N. C. 417 ; *Tull* v. *Trustees,* Ibid. 424, cited and approved.)

Civil Action, tried at Spring Term, 1877, of Wake Superior Court, before *Buxton, J.*

This action was brought to recover the value of certain personal property (mules, cattle, hogs, &c.,) belonging to the plaintiff, and which was located upon a farm on an Island in the Roanoke River, in Northampton County, which farm had been owned by the plaintiff, but was under mortgage to one Zollicoffer. There was no dispute about the value of the property. And it was alleged that the defendants

bought the same at a sale in 1872, the defendant, Harris, conducting the negotiations upon the terms set forth in a written instrument signed by him, for the joint benefit of both defendants; whereas the defendant, Shaffer, claimed that it was for the sole benefit of his co-defendant who stipulated in said instrument for the payment of the purchase money. (See 73 N. C. 367, for report of same case.)

It was admitted that defendant, Harris, did purchase as alleged, and the question was, whether the defendant, Shaffer, was jointly liable upon said purchase. The jury found in response to issues submitted, as follows:

1. Did defendants or either of them agree with plaintiff to purchase property mentioned in pleadings and to pay its reasonable value? Yes, by Harris.

2. Did they agree with plaintiff to purchase said property and pay therefor the value to be estimated by two disinterested persons, an umpire to be selected by them in case of disagreement? Yes, by Harris.

3. Did the reference selected by the parties ascertain the value of said property and make known the same to the parties? Yes.

4. If there was such agreement by defendants or either of them, was it upon condition to be first performed by plaintiff? Yes.

5. If upon such conditions precedent, have the conditions been performed by plaintiff or waived by defendants? Conditions were waived by defendants.

6. What amount if any is plaintiff entitled to recover? The amount of the appraised value with interest.

7. Was defendant, Shaffer, a party to contract made between plaintiff and defendant, Harris? Shaffer was a party to the contract.

8. Was any demand made before suit upon defendant, Shaffer? Yes.

The evidence and exceptions to His Honor's charge are

sufficiently set out in the opinion. Verdict and judgment for plaintiff. Appeal by defendant, Shaffer.

*Messrs. Moore & Gatling* for plaintiff.
*Messrs. D. G. Fowle* and *A. W. Tourgee* for defendant.

BYNUM, J. It was admitted on the trial, that Harris purchased the property, for the value of which this action was instituted, and the sole question in issue was whether Shaffer was not jointly interested in the purchase, or had not otherwise made himself liable. The plaintiff and two defendants, became witnesses in their own behalf,—Pepper testifying that before the purchase by Harris, Shaffer in making propositions to buy the land, also offered to purchase a portion of the personal property, and also giving evidence tending to show that Harris was the agent of Shaffer in conducting the negotiations; and Shaffer and Harris testifying and denying that Shaffer was concerned in the purchase. Before the sale to Harris, this co-defendant had been negotiating with the plaintiff, the owner, and one Zollicoffer, the mortgagee, for the purchase of the Roanoke land on which the personal property bought by Harris was located. Harris purchased on the 10th of February, 1871. Prior to this purchase, to-wit, May the 18th, 1871, Shaffer wrote to Zollicoffer, the mortgagee, proposing, with Pepper's consent, to relieve the mortgagee from all liability for the debts of Pepper, if the *personal* property, and the land could be obtained by him. And after the sale to Harris, to-wit, in October, 1873, Shaffer again wrote to Zollicoffer, stating his purpose to relinquish the possession of the land, for the purchase of which he had previously been negotiating, and, upon which was the personal property purchased by Harris (and so far as we know, the only personalty used in the cultivation of the farm,) and wishing to know of Zollicoffer, if " he wanted any of *our stock*, horses, mules, cattle,

farming tools," &c., enumerating a long list of just the kind of stock and farming implements, contained in the bill of particulars, as sold by Pepper to Harris. The other letters, whether written before or after the sale, are more or less connected with the dealings with Harris in respect of the stock, or the land upon which it was located. These letters were, therefore, competent and important testimony going to establish the complicity of Shaffer in the purchase made by Harris. And they were also admissible, both as contradicting the testimony of Shaffer, and as confirming the evidence of Pepper.

The next exception was to the charge of the Judge to the jury. This was his language: "If the jury believe that Shaffer, in the course of his dealings and correspondence with the plaintiff, gave him reasonable ground to believe, and he did believe, that the personal property was to be bought and used for the benefit of Shaffer, and that the plaintiff parted with his property under that belief, and the property was used for the joint benefit of Shaffer and Harris, on Shaffer's farm, then Shaffer is affected with liability to the plaintiff for the property, as well as Harris; and this would be so, although the arrangement for the purchase was completed by Harris, in the presence of Harris alone." The exception is to the expression, " Shaffer's farm," used by the Judge, as being calculated to mislead the jury. We cannot, as a conclusion of law, see how the defendant was prejudiced; therefore the matter was addressed exclusively to the discretion of the Judge below, on a motion for a new trial.

But the jury could not have been misled, for although the farm on the Roanoke was where the stock was at first located, it was in evidence that it was afterward removed to a farm near Raleigh, which was known as " Shaffer's farm," and there used in its cultivation.

The defendants finally submitted a motion in arrest of

judgment, on the ground that the verdict was insensible. There were several issues submitted to the jury, but in order to present the point made, it is necessary to set out only two of the issues and findings. The first was: "Did the defendants or either of them agree with the plaintiff to purchase the property mentioned in the pleadings, and to pay its reasonable value? Ans.—"Yes, by Harris." The seventh issue was: "Was the defendant, Shaffer, a party to the contract made between the plaintiff and the defendant, Harris?" Ans.—" The defendant, Shaffer, was a party to the contract."

The ungrammatical findings of the jury upon the first and other issues, do not vitiate the verdict when the sense is clear, but when taken in connection with the finding upon the seventh and main issue, which is clear and explicit, there remains no room for misconstruction.

Upon the merits of the action, we refer to the two recent decisions of this Court, *Poole* v. *Lewis,* 75 N. C. 417; *Tull* v. *Trustees,* 75 N. C. 424.

There is no error.

PER CURIAM. Judgment affirmed.