George Taylor *v.* The State.

1. Verdict. — Neither bad spelling nor faulty grammar vitiates a verdict if the sense is clear. But if the sense of a verdict of conviction be not clear, it cannot be permitted to stand.

2. Same. — There is no such word as "guity;" and a verdict which finds the accused "guity" is not a compliance with the statutory requirement that the jury "must find that the defendant is either guilty or not guilty." " Guity " is not equivalent to or *idem sonans* with the word *guilty*.

3. Practice in this Court. — A verdict, as set out in the original transcript, found the appellant "guity," and solely for this cause the conviction was reversed by this court. At a subsequent day of the term the assistant attorney-general moved for a rehearing, and for a *certiorari* to bring up a more perfect record, alleging that the original transcript falsified the record, and that the verdict had been tampered with by changing the word *guilty* to "guity." This court allowed the motion, and the transcript brought up by the *certiorari* shows that the verdict found the appellant "guilty." And the entire record being revised, and no error found, the judgment of conviction is affirmed.

Appeal from the District Court of Montague. Tried below before the Hon. J. A. Carroll.

The conviction was for threatening to take the life of L. McCurry, and the punishment was assessed at three years in the penitentiary. It will be observed that two opinions were rendered in this case, and a final disposition of it made on a rehearing allowed the State.

*J. G. Quigley*, for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

WHITE, J.  In this case appellant was indicted, tried, and convicted under articles 6585 and 6586, Paschal's Digest, for seriously threatening to take the life of one L. McCurry.

There is but one question presented in the record which it is deemed necessary to discuss, and that is the certainty and sufficiency of the verdict as rendered by the jury. As we find it in the record, and we take it that it is copied correctly, since this was also one of the grounds of the defendant's motion for a new trial, the verdict reads thus: " We, the jury, find the defendant *guity*, and assess his punishment to confinement in the penitentiary for three years."

It is contended that this verdict does not conform to the statutory requirements, and is consequently insufficient and invalid.  The statute referred to is in these words : " The verdict in every criminal action must be general ; when there are special pleas upon which the jury are to find, they must say in their verdict that the matters alleged in such plea are either true or untrue ; where the plea is not guilty, they must find that the defendant is either ' *guilty* ' or ' *not guilty ;*' and, in addition thereto, they shall assess the punishment in all cases where the same is not absolutely fixed by law to some particular penalty."  Pasc. Dig., art. 3091.

This language, it will be observed, with regard to the character of the verdict, — that is, that " they [the jury] must find that the defendant is either ' guilty' or ' not guilty,' " — is imperative.  Have the jury performed this duty in the case under consideration?  Is the word " *guity* " synonymous with or equivalent to the word " guilty ? "  Is it *idem sonans* with the word " guilty ? "  Is there such a word as " guity " belonging to or having a definition in the English

language?   We are compelled to answer each of these questions in the negative.

In *Koontz* v. *The State*, 41 Texas, 570, it was correctly stated to be the true rule that " bad spelling will not vitiate a verdict, where it has the requisites of being certain and intelligible."   In that case the verdict was, " We, the jury, find the defendant *gilty* as charged in the indictment, and assess his punishment àt confinement in the State penitentiary for a *turm* of *too* years."   This verdict, " though not a good specimen on the question of orthography," was held to have the two essentials of certainty and intelligibility, and to be one which " could not be misunderstood."

And so, in Krebs's case, this court held that the verdict, in these words, " We, the juror, find the defendant guilty, and *sess* his punishment *deth*," however " obnoxious in spelling and style," was, notwithstanding, an intelligible verdict in a murder case.   3 Texas Ct. App. 348.   Indeed, it may now be stated as a general rule that neither bad spelling nor ungrammatical findings of a jury will vitiate a verdict when the sense is clear.   *Bland* v. *The State*, 4 Texas Ct. App. 16 ; *Pepper* v. *Harris*, 78 N. C. 71 ; *Hart* v. *The State*, 38 Texas, 382.

Another rule is, that " verdicts are to have a reasonable intendment, and to receive a reasonable construction, and are not to be avoided unless from necessity originating in doubt of their import, or immateriality of the issue found, or their manifest tendency to work injustice."   *Lindsay* v. *The State*, 1 Texas Ct. App. 327, citing *Pickett* v. *Pickett*, 2 Bibb, 178 ; *Mays* v. *Lewis*, 4 Texas, 38 ; 1 Gra. & Wat. on New Tr. 159.

The converse of these rules is equally true, to wit, that where the sense is not clear — where there is doubt of the import of the language used — the verdict, especially in a criminal case, cannot be permitted to stand.   It is of vital importance to the validity of a conviction in a criminal case

that the verdict *must find the defendant "guilty."* If, in attempting to perform this duty, through accident or misadventure, or from whatever cause, the jury fail to do so, the failure or omission, or whatever it may consist in, on their part, cannot be supplied by intendment, if the language they have seen fit to use is senseless, unintelligible, or of doubtful import. *Shaw* v. *The State*, 2 Texas Ct. App. 487; *Harvey* v. *The State*, 2 Texas Ct. App. 504; *Dillon* v. *Rogers*, 36 Texas, 152; *Keeler* v. *The State*, 4 Texas Ct. App. 527.

Because the verdict does not find the defendant "guilty," the judgment of the lower court must be reversed, and the cause remanded for a new trial.

[The foregoing opinion was rendered January 29, 1879. On the ensuing 10th of February, the assistant attorney-general moved for a rehearing and a *certiorari*. This motion elicited a second opinion, by which the case was finally disposed of, and which discloses all matters of fact of any significance. — *Reporters*.]

White, J., on motion for rehearing. In the opinion delivered by this court in this case on January 29, 1879, the judgment of the lower court was reversed solely upon the ground that the verdict of the jury was insufficient, in that it did not find the defendant *guilty*. By the transcript of the record as then before us, and particularly from the fact that defendant's counsel, in an amendment which was written just below his signature to the motion for a new trial, and which was based upon the fact that the jury did not find defendant guilty, it was a natural conclusion upon our part that the verdict was indeed "guity," as it appeared in the record, and that the amendment to the motion for a new trial aforesaid had called the District Court's attention directly to that fact before the motion for

new trial was overruled. And we must confess that we were surprised that the motion should have been overruled; or, to say the least of it, if the amendment was called to the attention of the court, and there was any doubt or ground for supposing, really, that the verdict was "guity," and not "guilty," that some explanation was not made which would have tended to settle or throw light upon the matter.

On February 10, 1879, the assistant attorney-general filed in this court his motion for a rehearing in behalf of the State, and for a *certiorari* to bring up a more perfect and complete record in the case. In substance, the grounds of this motion were that the transcript upon which the cause had been decided by us was not a true record of the proceedings had in the District Court of Montague County; that the counsel for the State was informed and believed that the original verdict of the jury had been tampered with and mutilated by some one, and the word "guilty" in the verdict changed to "guity," as was also done in other portions of the record, after the transcript was made out.

This motion was resisted by the defendant, who filed as an exhibit to his answer the affidavit of M. D. Herbert, ex-district clerk, who had prepared the transcript before the expiration of his term of office. He states that he "had written the word *guilty* in the verdict of the jury, but upon suggestion of defendant's counsel, and upon examination of the verdict as written by the foreman of the jury, finding the word spelled *guity*, he erased ' guilty ' and wrote ' guity ' as it appears in the verdict, and as near a *fac-simile* of the word as possible; that [the transcript as made out by him was adopted by his successor] said erasure and correction was made before the certificate of the clerk, or his seal, was attached to said transcript."

The motion of the assistant attorney-general was sustained and a rehearing granted, a *certiorari* to perfect the

record being also awarded. In obedience to this writ of *certiorari* a new transcript has been sent up, and is now before us. It is certified by the clerk to be "a true copy of all the proceedings in case No. 745, wherein the State of Texas is plaintiff and George Taylor is defendant, as appears of record." In this record, where the verdict of the jury is set out, the word used by the jury in their findings is certified to be "*guilty.*"

We must presume, from all the circumstances stated above, that the transcript as sent up in obedience to the *certiorari* is correct, and speaks the truth with regard to the matter.

So presuming, we have again examined the case with reference to the supposed errors complained of as shown by defendant's bills of exception, if they can be considered as such, and his motion for new trial, and we cannot perceive that any of them are well taken. Defendant, for aught that appears, was fairly and impartially tried, and justly and legally convicted ; and so believing, the judgment of the lower court finding him guilty and assessing his punishment to confinement in the penitentiary for a term of three years is in all things affirmed.

*Affirmed.*