## M. LITMAN v. THE STATE.

1. SWINDLING — EVIDENCE — VARIANCE. — Appellant was convicted of swindling by means of false pretence, upon an information which charged that he and another obtained *nine* dollars from one H. on the false pretence that H. was indebted to them in that sum of money. The entire proof showed that the amount claimed and obtained by the accused was *six* dollars, instead of nine as alleged. *Held*, that the evidence does not correspond with the allegation, nor suffice to support the conviction. See opinion in *Marwilsky* v. *The State, ante,* p. 377.

2. CHARGE OF THE COURT. — The court charged the jury in part as follows: "You are the judges of the credibility of the witnesses introduced before you; you may give any and such weight as you see proper, or *discard any portion,* in your discretion." *Held,* error. See *Johnson* v. *The State, post,* p. 558.

3. PLEADING. — If matter of inducement be pleaded, it should not be blended with the allegations charging the gist of the offence; and those allegations should be made positively, and not merely by way of inference or recital. See opinion in *Marwilsky* v. *The State, ante,* p. 377.

APPEAL from the County Court of Smith. Tried below before the Hon. J. M. LOGAN, County Judge.

A statement of this case is fully set forth in that of his co-defendant, *Marwilsky* v. *The State, ante,* p. 377, to which reference is made.

*W. T. Weaver* and *Horace Chilton,* for the appellant.

*Thomas Ball,* Assistant Attorney-General, for the State.

HURT, J. The appellant and A. Marwilsky were presented jointly for swindling, severed, and both were convicted; from which each separately appeals to this court.

We will consider but two questions presented in the record. The first is presented in the case of *A. Marwilsky* v. *The State,* decided at this term of the court, and refers to the variance in the proof from the pretences charged in the information. See that case for our opinion on this point.

The second relates to the charge of the court, which is as follows: " Gentlemen, you are the judges of the credibility

of the witnesses introduced before you; you may give any and such weight as you see proper, or *discard any portion,* in your discretion."

This was excepted to at the proper time by defendant, and the objection saved by bill. In this we think the court erred. *Bishop* v. *The State,* 43 Texas, 390; *Rideus* v. *The State,* 41 Texas, 199. See the suggestions made in regard to the information, in *A. Marwilsky* v. *The State, ante,* p. 377.

For the errors above indicated, the judgment is reversed and cause remanded.

*Reversed and remanded.*