### JOSEPH H. JOHNSON *v.* THE STATE.

CHARGE OF THE COURT. — The jury should not be so instructed as to warrant them arbitrarily to select what evidence they will believe. The charge should leave them free, as the law does, to determine the facts by their own mode of reasoning upon the evidence. See the opinion for charge infringing this well-settled rule.

APPEAL from the District Court of Brazos. Tried below before the Hon. S. FORD.

*Chandler & McGregor*, for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

WHITE, P. J. The second bill of exceptions was reserved to the following paragraph contained in the charge to the jury, viz. : " Where the evidence is conflicting, the rule is not, as in civil cases, that the preponderance of the testimony shall govern, but in such cases it is the duty of the jury to reconcile the conflicting testimony, if in their power to do so. In the event they cannot reconcile such conflicting evidence, then it is your peculiar province to believe and to give faith and credit to such of the witnesses as you may think entitled to credit, and to disbelieve such as you may see proper to discredit." The objection is to the second sentence. Under repeated decisions of this court, the objection seems to have been well taken, because the charge

gives the jury the right, arbitrarily, to disbelieve or discredit testimony, and is an invasion of the province of the jury: *Jackson* v. *The State*, 7 Texas Ct. App. 363 ; *Pharr* v. *The State*, 7 Texas Ct. App. 473 ; *Bishop* v. *The State*, 43 Texas, 390 ; *Fisher* v. *The State*, 4 Texas Ct. App. 181 ; *M. Litman* v. *The State, ante*, p. 461, decided at the present term. There is a marked difference in the charge above given and the one held unobjectionable in *Rideus* v. *The State*, 41 Texas, 199.

In reversing this case, we take occasion to say that the same learned judge presided on the trial of Willis, also indicted for this same robbery, that case being a counterpart of this, and the charge given in that case was as admirable a presentation and exposition of the law applicable to the facts as could well have been given, and the case was so well tried below that it was affirmed without a written opinion.

There is no occasion to discuss any of the other questions submitted on this appeal, as they are not likely to arise on another trial.

For the error above indicated, the judgment will be reversed and the cause remanded for a new trial.

*Reversed and remanded.*