## JAMES WILLIAMS *v.* THE STATE.

1. CHARGE OF THE COURT — PRACTICE.— If exception was not taken to an erroneous charge when it was delivered, the error is not cause for reversal unless it was calculated to prejudice the rights of the appellant. The relevancy of the charge to the evidence adduced cannot be considered by this court when the record fails to bring up the facts in proof.

2.  SAME.—The court below instructed the jury to the effect that they
    were the judges of the credence due to an impeaching witness as
    well as the others, and should believe such of the witnesses as they
    thought most entitled to credit.  No exception was taken to the in-
    struction when it was given, and there is no statement of facts.
    *Held,* that the instruction was not a charge on the weight of evi-
    dence, nor ostensibly calculated to prejudice the rights of the de-
    fendant.  Such efforts, however, to aid the reasoning faculties of
    the jury, are always unnecessary, and are frequently calculated to
    prejudice the defendant's rights; and the better practice is to
    eschew them.

3.  ROBBERY — INDICTMENT.— Appellant was convicted of robbery on an
    indictment which alleged a sheep to be the property taken, but con-
    tained no allegation of the value of the animal.  *Held,* that an
    allegation of the value was not necessary.

APPEAL from the District Court of Nueces.  Tried below
before the Hon. JOHN C. RUSSELL.

The indictment charged that the appellant, on or about
August 15, 1879, in the county of Nueces, made an assault
on one Charles McKenzie, and then and there put the said
McKenzie in fear of life and bodily injury, and one cer-
tain sheep, the property of one Jane McKenzie, from the
possession and against the will of the said Charles Mc-
Kenzie, then and there holding the said property for the
said Jane McKenzie, then and there unlawfully, fraudu-
lently, violently, and with force and arms, did seize and
take, with intent to appropriate the same to the use and
benefit of him, the said James Williams, without the con-
sent of the said Jane McKenzie, the owner of the said
property, or of the said Charles McKenzie, and with the
intent to deprive the said owner of the value of the same,
contrary, etc.

The jury found the appellant " guilty as charged in the
indictment," and assessed his punishment at two years'
confinement in the penitentiary.  He moved for a new
trial on the grounds indicated in the opinion of this court,
and also in arrest of judgment because of general insuffi-

ciency of the indictment, and specially because it failed to charge that the sheep was of any value. Both motions were overruled, and he appealed from the judgment of conviction. There is no statement of facts.

*McCampbell & Givens,* for the appellant. The instruction of the court below to the jury — in the third paragraph, to wit: "If there are conflicts in the evidence, it will be your duty to reconcile them if you can; if you cannot, you will then give credit to those witnesses and statements that you may believe most entitled thereto. You are the judges of the credibility of the witnesses by whom a witness is sought to be impeached, as well as all other witnesses who testify before you in the case. All are alike before you for your scrutiny and judgment, and you will decide as to whom you will believe and whom you will not believe as to you seems right under all the surrounding circumstances," allowed the jury arbitrarily to believe or disbelieve any witness or witnesses who testified in the case. Code Cr. Proc. art. 678; *Jackson* v. *The State,* 7 Texas Ct. App. 365; *Pharr* v. *The State,* id. 473; *Johnson* v. *The State,* 9 Texas Ct. App. 558.

This portion of the charge is not alone obnoxious in that it allowed the jury arbitrarily to believe or disbelieve any witness or set of witnesses, but it brings too prominently to the attention of the jury any witness that should be introduced to impeach another, and especially calls their attention to the credibility of the impeaching witness or witnesses; which fact was calculated to arouse the sympathies or excite the passions of a jury. Again, in the latter portion of said paragraph of the charge the jury are instructed to *decide* what witness or witnesses they will believe, and to *decide* what witness or witnesses they *will disbelieve;* thus assuming that some of the witnesses were entitled to belief, while others were not; and thus invading the exclusive province of a jury, who

are the exclusive judges of the facts in every criminal cause.   Code Crim. Proc. art. 676.

It would seem the better practice for the court to instruct the jury, distinctly setting forth the law applicable to the cause, and leave the jury to arrive at their conclusions by their own mode of reasoning, without any intimation or insinuation on the part of the court that some of the witnesses had sworn falsely and some truthfully; and that they must first find that fact, and then find who or what one testified to the truth, and what one falsely, when in fact the jury may not find it necessary to pass upon the credibility of any of the witnesses, if left to their own mode of arriving at a conclusion from the evidence.

The third and fourth assignments will be considered together.  An indictment under the Criminal Code of Texas for robbery should contain all the allegations deemed necessary at common law, or at least substantially conform to a common law indictment for robbery. *Wilson* v. *The State,* 3 Texas Ct. App. 63; *Reardon* v. *The State,* 4 Texas Ct. App. 602; *Skipworth* v. *The State,* 8 Texas Ct. App. 135; Bishop on Statutory Crimes, secs. 518, 519, 520.

Robbery is defined as an aggravated species of larceny. At common law and under our code there is still closer assimilation between robbery and larceny.   *Skipworth* v. *The State,* 8 Texas Ct. App. 135.

The indictment should set out a larceny of the goods, the same as in simple larceny.  Bishop on Statutory Crimes, p. 159, sec. 518.

The indictment in question falls far short of being sufficient for a simple larceny, in that it fails to allege that the one sheep taken was of value, in order to determine whether the offense was a felony or of less grade.   Crim. Code, art. 748.

It is believed that, under the decisions of the appellate

courts of our State, on a trial for robbery the defendant may be convicted for theft, according as the jury may find. If so, how important to the rights of the defendant that the value of the property be alleged in the indictment, for upon the value alleged and proven depends the grade of punishment.

It may be insisted that while the indictment is insufficient for theft, still it may be good for the higher grade of offense — robbery. But if the sufficiency of this indictment is to be determined by acknowledged authorities on this subject, it will be found defective in many particulars and essentials. Third vol. Chitty Crim. Law, pp. 806, 807; 1 Whart. Prec. 410; 2 Bishop Cr. Proc. sec. 945; 3 Texas Ct. App. 63; 4 Texas Ct. App. 602.

Our Code uses the word *property* in defining the offense of robbery, art. 722, and the indictment charges robbery of a certain sheep, the property of, etc., omitting any specific value; when by art. of Crim. Code, 732 and 733, personal property must be of value to be the subject of theft, and certainly there can be no robbery of a thing without value. Personal property under our Code has no value judicially known to the court unless proven, and unless alleged could not be proven.

A sheep, under art. 748, Crim. Code, is the subject of theft; but to convict under that article it would be essential to allege the value of the sheep.

"One certain sheep," with no other description of the property, under the common law and the decisions of our own courts, is insufficient to maintain a conviction. Again, there is no allegation in the indictment that the sheep was taken away from the presence of the owner or keeper of the same. For aught that appears from the face of the indictment, the one sheep may not have been removed from the presence of Charles McKenzie, but may have been, immediately after seizing, turned loose in the flock uninjured. True, this might have been for the de-

fense to prove on the trial. Yet, it is urged that the indictment should negative that fact by suitable allegation. *Barnes* v. *The State*, 9 Texas Ct. App. 128.

*Thomas Ball*, Assistant Attorney General, for the State.

WINKLER, J. This appeal is from a conviction of robbery, with two years' confinement in the penitentiary assessed as the punishment. There are no bills of exception in the record, nor is there any statement of facts.

Two questions were discussed in the brief of counsel for the appellant. 1st. It is urged that the third paragraph of the court's charge is erroneous in that it "allowed the jury arbitrarily to believe or disbelieve any witness or witnesses who testified in the case." The paragraph complained of is as follows: "If there are conflicts in the evidence, it will be your duty to reconcile them if you can; if you cannot, you will then give credit to those witnesses and statements that you may believe most entitled thereto. You are the judges of the credibility of the witnesses by whom a witness is sought to be impeached, as well as all other witnesses who testify before you in the case. All are alike before you for your scrutiny and judgment, and you will decide as to whom you will believe and whom you will not believe, as to you seems right under all the surrounding circumstances."

The charge was not excepted to at the time of its delivery, nor were any additional instructions asked, tending to correct the supposed error. The error complained of was called to the attention of the court for the first time in the motion for a new trial. In this state of the case the rule is thus stated in effect in *Bishop* v. *The State*, 43 Texas, 390: If the charge is not excepted to at the time of the trial, but the objection is presented in a motion for a new trial, the question for the consideration of this court would then be whether or not such a charge was

an error which, under all the circumstances, was calculated to injure the rights of the defendant. The rule as thus laid down appears to us to be well-founded in reason and on authority, and has been followed substantially by this court from the date of its creation until the present time. The effect of the rule in its application to the case under consideration is to require this court to inquire whether or not the charge objected to for the first time in the motion for a new trial was an error which, under all the circumstances as exhibited in the record, was calculated to injure the rights of the defendant. If we were called on to refer to any rule of practice or law to support this charge, or to show a necessity for giving the jury such an instruction, we would be inclined to confess an inability to do so. But, on the other hand, it is not perceived in what manner the defendant was injured by it. There being no statement of facts, we are unable to test its appropriateness by anything in the testimony. Some of the expressions might be admissible in relation to certain features of the evidence; but if there were any such features in the case, that fact is not disclosed by the record. It cannot be said that it forms any part of a plain statement of the law of the case, it is true; but it cannot be said to be a comment on the weight of the testimony, nor a summing up of the evidence, nor is it calculated to rouse the prejudice or excite the passions of the jury; nor yet does it direct the jury what witness or class of witnesses they shall believe or disbelieve, by arbitrarily believing one and disbelieving another, especially when considered with reference to the juror's oath and the charge on the presumption of innocence and reasonable doubt.

About all to be said with reference to this charge is that it is an effort on the part of the court to aid the jury in arriving at a conclusion; which had generally better be let alone. The juries will ordinarily reach a more accurate conclusion if left to their own reasoning faculties, than by any

attempt on the part of the judges to aid them. Experience has demonstrated the folly and injury which often arises from these attempts to elucidate that which is in itself perfectly plain and unambiguous, and which often lead to such erroneous rulings as compel the reversal of judgments in cases wherein they have occurred. Judges would do better by confining themselves to the plain demands of the law, which are accessible to all. The objection to this charge, coming at the stage of the proceeding it does, seems not to be much more serious than that in *Rideus* v. *The State*, 41 Texas, 199, or that in *Cooper* v. *The State*, 7 Texas Ct. App. 194; which were not deemed of sufficient importance to cause a reversal.

With reference to the indictment, the most important objection urged against it is that it contains no allegation of the value of the property involved in the robbery. The position contended for by counsel for the appellant seems to be based, in part at least, on the idea that the same particularity is required in indictments for robbery as in indictments for theft. Whether the indictment in this case would support a conviction for theft, or not, is not now before us, nor is it a proper question in the case; the conviction being for robbery and not theft. The indictment, it seems, embraces all the elements of the crime of robbery as that offense is defined in the Code. Penal Code, art. 722. That article does not mention the value of the property taken by robbery. The indictment mentions an animal of known value, and is deemed sufficient to apprise the accused, in plain language, as to what he had to meet on the trial.

Believing that there was no error committed on the trial of which the appellant can legally complain, the judgment is affirmed.

*Affirmed.*