## AUGUSTA VOIGTLANDER et al. v. M. BROTZE.

SUPREME COURT, AUSTIN TERM, 1883.

*District Court.—Judicial Power.— Writ of Assistance.*—To enable the district courts to carry out their final decrees of foreclosure and sale; and to compel a person in possession of the property to surrender it to the purchaser, they are fully vested with authority to issue writs of assistance.

Appellee had recovered in the district court of Bexar county a judgment against the appellants for amount of purchase price of a lot in San Antonio, the same being secured by vendor's lien and deed of trust, and obtained decree of foreclosure, purchasing the same at sheriff's sale. Appellee demanded possession of the premises of appellants, who occupied the same, but possession was refused. Appellee filed a sworn complaint in the district court, setting forth the facts which entitled her to possession. After due notice, appellants appeared and answered, denying the authority of the court to proceed in this manner, and asserting that only by an action of trespass to try title could possession be obtained. The court held otherwise, and entered an order that appellants deliver possession, and that a copy of the order be served on them. The order was duly served, yet appellants still held possession. Appellee then filed a sworn statement reciting the foregoing facts, and prayed for a writ of assistance putting her in possession. An order to that effect was made by the court, whereupon, appellants, by writ of error, bring the question before the supreme court.

Opinion by West, J.

Though it is a power that has been rarely exercised by the district courts of this state, yet there is no doubt that they have the authority to extend the relief and enter the order to revise which the writ of error in this case was sued out.

This action became necessary and proper under the facts of the case to enable the court to carry out its final decree heretofore rendered in this cause, and to give the defendant in error the proper relief to which he was entitled under the pleadings.

This exercise of power is fully authorized by the constitution and laws. (Const., Art. 5, Sec. 3.; Rev. Stats., Arts. 1122, 1123–1340.)

Under the provisions of article 1122, revised statutes, above cited, in all cases in which the district court has jurisdiction by virtue of the grant to it of judicial power by the organic law, that court is fully authorized to administer any measure of relief whatever, whether in law or equity, that could at common law be granted either by a court of law or in equity.

In Shulte v. Hoffman, 18 Tex., 678 the district court in the exercise of this power, and in the absence of any statute to that effect, on the rendition of the final judgment appointed a receiver, and also issued in that case a writ of assistance. (See also Teas v. Robinson, 11 Texas, 776; see also Tucker v. Anderson, 25 Tex. Sup., 158.)

In cases of this character it would be the better and the safer practice for the party in the concluding prayer of his petition to ask specially for all the particular relief desired. This is, however, not necessary, and the practice in chancery has been in such cases to grant all the relief necessary, whether it has been specially asked for or not. Such has been the practice of the district court of this state. (See Hardy v. DeLeon, 5 Tex., 246–247, where this subject of the power of the court to grant the special relief proper under the circumstances is alluded to and discussed in the ninth (9) paragraph of the opinion. Trammel v. Watson, 25 Tex., Sup., 216; Hipp v. Huchett, 4 Tex., 20.)

In the latter case, Chief Justice Hemphill in speaking of the seventh section of the act of May 10, 1846, of which article 1122 of the revised statutes is a literal copy, except that the present act is broader in its terms and does not require, as did the former act, the special relief desired to be prayed for, says: "By it the district court is vested with all the powers necessary to afford appropriate relief, and is also empowered to reform its judgment so as to afford all the relief which may be required by the nature of the case, and is grantable by courts of law or equity."

It is, in fact, a power inherent in the district court by reason of the constitutional grant of equitable jurisdiction given to it.

Mr. Jones in the second volume, section 1663, (second edition) of his work on mortgages gives an account of the early exercise of this power by courts of chancery, as follows:

"It has long been the practice of courts of chancery in England, adopted also in this country, wherever a sale and conveyance of real estate has been decreed, to compel a person in possession of the property to surrender it to the purchaser by an order, or by an injunction or by a writ of assistance. Lord Hardwicke said that this practice had its origin in the reign of James I, but Mr. Eden says that this statement is a mistake, as many precedents for injunctions to deliver possession after a decree and a commission, or writ of assistance to the sheriff, are in the printed reports as early as the reign of Queen Elizabeth; and are also found in a manuscript book of orders in the time of Henry VIII, Edward VI and Mary; but wherever the practice was begun, it has long been established, both in England and in this country, and is applied to sales under decrees in foreclosure suits. Accordingly, after a sale has been made under a decree in a foreclosure suit, the court has power to give possession to the purchaser, though the delivery of the possession is not made part of the decree. He is not driven to an action of ejectment at law to obtain possession."

In Kershaw v. Thompson, 4 John Chan., Chancellor Kent also fully examined the question as to the existence and exercise of this power, and in his very learned opinion says:

"It does not appear to consist with sound principle that the court which has exclusive authority to foreclose the equity of redemption of a mortgagor, and can call all the parties in interest before it and decree a sale of the mortgaged premises, should not be able even to put the purchaser into possession against one of the very parties to the suit and who is bound by the decree. When the court has obtained lawful jurisdiction of a case and has investigated and decided it upon its merits, it is not sufficient for the ends of justice merely to *declare* the right, without affording the remedy. If it was to be understood that after a decree and sale of mortgaged premises, the mortgagor or other party to the writ, or perhaps those who have been let into the possession by the mortgagor, *pendente lite* could withhold the possession in defiance of the authority of this court, and compel the purchaser to resort to a court of law. I apprehend that the delay and expense and inconvenience of such a pro-

ceeding would greatly impair the value and diminish the results of sales under a decree."

Murray v. DeRotterheim, 6 John Chan., 52.

See 9th Equity Rule United States Courts.

Daniels' Chancery Practice, vol. 2, top p. 1062 (note 3).

This power was very properly exercised by the court in this case for the purpose of letting the purchaser into the possession and enjoyment of the property purchased under the decree of the court, without the necessity of resorting to an expensive and vexatious suit, to attain after much delay the same object.

The judgment is affirmed.