VIEJO & RODRÍGUEZ, Plaintiffs and Appellants, *v.* JUAN IGNACIO CALOCA, ISABEL ROIG DE CALOCA and MARÍA VITALIA CALOCA, Defendants and Appellees.

No. 3820. Argued January 27, 1926.—Decided May 18, 1926.

430

*Jacinto Texidor* for the appellants. *Luis Muñoz Morales* for the appellees. *Angel Arroyo, amicus curiœ.*

MR. JUSTICE HUTCHISON delivered the opinion of the court. The ruling complained of by appellants is as follows:

"By motion filed October 26, 1925, the foreclosing creditor asked to be put in physical possession of the urban property situated at Sol Street, Río Piedras, adjudicated to him in a special proceeding to recover a mortgage credit, together with a house and part of the land constituting the rural property which was also adjudicated to him in the same proceeding.

"It appears from the record and from the motion itself that the foreclosure of the property and its adjudication to the plaintiff occurred on August 24, 1925, the deed being executed on September 2, 1925, date on which he was placed in possession of part of the property, and Section 2 of the Act relating to judgments and the manner of satisfying them provides that in these special actions for the recovery of mortgage debts the purchaser shall be placed in possession of the mortgaged property within a period of thirty days from the day on which the sale took place.

"Leaving on one side the question of whether in an ordinary proceeding the marshal, without recurring to the proceeding of unlawful detainer, may evict the owner of the foreclosed property after the sale, it must be conceded that in special proceedings where the intervention of the defendant is so restricted as to make the proceeding *ex parte*, the legislator has limited the time for taking possession to thirty days; and freed the mortgage debtor after such time from the special restrictions provided for in the mortgage proceedings, compelling the awardee of the foreclosed property to resort to an ordinary action to recover possession thereof.

"The motion is overruled without prejudice to the ordinary remedies allowed the plaintiff at law."

The section of the law referred to by the district judge seems to have been taken from the Texas enactment of 1885, Sayles' Texas Civil Statutes (1897), article 1341.

The Texas courts apparently did not construe the clause "within thirty days" during the decade immediately following the passage of the law. We do not have access to a late digest of the Texas decisions and have not had time for an examination of the individual volumes published during the quarter of a century last past.

The practice of the Texas courts prior to 1885, however, is indicated in the case of *Voigtlander* v. *Brotze,* 59 Texas, 286.

█ Whatever else the words "within thirty days" may mean they do not imply that the court has no power to enforce its decree after the expiration of that period. The section is not limited to actions of summary foreclosure as assumed by the court below but includes all judgments whereby a lien is foreclosed.

█ The purpose of the legislation was at most, we think, to require a purchaser who has allowed the prescribed period to elapse without demanding that the marshal put him in possession of the property acquired by him, to apply to the court in the usual way for a formal writ of assistance.

█ Whether or not notice of such motion must be given and what other requirements may be made or further showing or explanation may be demanded by the district judge within a sound judicial discretion and in accordance with the general principles and rules of equity practice, are questions that are not involved in the present appeal and need not be passed upon at this time.

The ruling appealed from must be reversed.